PUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
      *Plaintiff-Appellee,*

v.

NORMAN HARRINGTON WILSON, a/k/a
Stormin Norman,
      *Defendant-Appellant.*

No. 00-6162

Appeal from the United States District Court
for the Eastern District of North Carolina, at Fayetteville.
Terrence W. Boyle, Chief District Judge.
(CR-94-65-H, CA-99-622-5-BO)

Argued: May 10, 2001

Decided: June 28, 2001

Before WILKINSON, Chief Judge, and WIDENER and
MICHAEL, Circuit Judges.

Affirmed by published opinion. Chief Judge Wilkinson wrote the
opinion, in which Judge Widener joined. Judge Michael wrote an
opinion concurring in the judgment.

## COUNSEL

**ARGUED:** Neal Lawrence Walters, Appellate Litigation Clinic,
UNIVERSITY OF VIRGINIA SCHOOL OF LAW, Charlottesville,
Virginia, for Appellant. Robert Edward Skiver, Assistant United
States Attorney, Raleigh, North Carolina, for Appellee. **ON BRIEF:**

Janice McKenzie Cole, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

---

**OPINION**

WILKINSON, Chief Judge:

We must determine here how 28 U.S.C. § 2255's one-year statute of limitations operates when a federal court of appeals affirms some of a defendant's convictions but reverses others. Because § 2255's statute of limitations was not tolled pending final resolution on all counts of defendant Wilson's case, we affirm the district court's dismissal of his habeas petition as untimely.

I.

On March 30, 1995, a jury convicted petitioner Norman H. Wilson of engaging in a continuing criminal enterprise ("CCE"), 21 U.S.C. § 848, conspiring to distribute crack cocaine, 21 U.S.C. § 846, and using or carrying a firearm during a drug trafficking offense, 18 U.S.C. § 924(c). Wilson was sentenced to concurrent life terms on his CCE and conspiracy convictions. In addition, he was sentenced to sixty months consecutively on his firearms conviction.

Wilson subsequently appealed his convictions to this court. On January 29, 1998, we affirmed Wilson's CCE and firearms convictions. *See United States v. Wilson*, 135 F.3d 291, 307 (4th Cir. 1998). In accordance with Supreme Court precedent, however, we remanded Wilson's conviction on the conspiracy count "with instructions to vacate his conviction (and its accompanying sentence) on that one count." *Id.* at 307. Wilson then sought review in the United States Supreme Court. On May 26, 1998, his application for certiorari was denied, thus concluding direct review of Wilson's CCE and firearms convictions. *See Wilson v. United States*, 523 U.S. 1143 (1998).

On September 24, 1998, the district court, per our earlier instructions, vacated Wilson's conspiracy conviction and its concurrent life

sentence. The district court held that Wilson's previous sentence was otherwise still in effect. The court entered a formal order to this effect on November 16, 1998.

On September 13, 1999, Wilson filed this petition for collateral relief under 28 U.S.C. § 2255 (1994 & Supp. IV 1998). Because his conspiracy conviction had already been vacated, Wilson's § 2255 motion challenged only the validity of his CCE and firearms convictions. The district court dismissed Wilson's petition, however, ruling that these convictions became final on May 26, 1998. Thus, Wilson's § 2255 motion was time barred under § 2255's one-year statute of limitations. Wilson now appeals.

## II.

Prior to 1996, there was no time limitation on a federal prisoner's ability to collaterally attack his conviction in a § 2255 motion. *See United States v. Torres*, 211 F.3d 836, 838 (4th Cir. 2000). This changed in 1996 with Congress' enactment of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"). AEDPA amended 28 U.S.C. § 2255 to provide a one-year limitations period for the filing of § 2255 motions. Section 2255 provides that the period of limitation will begin to run upon, *inter alia*, "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255.*

Wilson contends his habeas petition was timely under § 2255. Specifically he argues that when a court of appeals reverses a defendant's conviction or vacates a sentence on one count, the statute of limitations does not begin to run on any other count until a new judgment is entered by the district court on remand. Wilson notes that in this case, the district court did not formally vacate his conspiracy conviction and the resulting sentence until November 16, 1998. Wilson claims that since he filed his § 2255 motion on September 13, 1999, roughly ten months after he was resentenced, his motion is timely.

---

*The remaining three parts of § 2255's statute of limitations are not relevant to this appeal.

We disagree. Congress did not explicitly state in AEDPA when a "judgment of conviction becomes final" for purposes of § 2255. *See Torres*, 211 F.3d at 838. In *Torres*, however, this court noted that "for a defendant who files a petition for certiorari with the Supreme Court, the conclusion of direct review occurs when the Supreme Court either denies his petition or decides his case on the merits. After the Supreme Court does either of these two things, the defendant's judgment of conviction is final because literally nothing more occurs on direct review." *Torres*, 211 F.3d at 839. Thus, Wilson's convictions on the CCE and firearms counts became final on May 26, 1998, the date upon which the Supreme Court denied his application for certiorari. Since Wilson did not file his § 2255 motion until September 1999, nearly sixteen months later, his motion is untimely.

We see little merit in Wilson's contention that § 2255's statute of limitations does not begin to run on individual counts until a final judgment has been entered on all counts. *See In re Taylor*, 171 F.3d 185 (4th Cir. 1999) (viewing petitioner's § 2255 motion on his drug conspiracy sentence as separate from his § 2255 motion on his firearms conviction). In this case, the vacation of the single, discrete, conspiracy count had no effect whatsoever on Wilson's CCE and firearms convictions. These are the only convictions which Wilson now challenges in his § 2255 motion.

On direct review, this court did not view Wilson's multi-count conviction as unitary. *See United States v. Wilson*, 135 F.3d 291, 307 (4th Cir. 1998). We affirmed Wilson's convictions on both the CCE and firearms counts. Furthermore, we made it clear that Wilson's case was only being remanded on the single conspiracy count: "Norman Wilson's conviction on the conspiracy count is remanded to the district court with instructions to vacate his conviction (and its accompanying sentence) *on that one count*." *Wilson*, 135 F.3d at 307 (emphasis added); *see also id.* at 303-04 ("Accordingly, we remand to the district court with instructions to vacate Norman Wilson's *conspiracy* conviction and his resulting sentence *on that count*.") (emphasis added). We did not regard the various counts upon which Wilson was convicted as a unified whole. Nor apparently did Wilson, who subsequently sought Supreme Court review of only his CCE and firearms convictions.

Wilson also contends that it would make more sense as a matter of efficiency and convenience to follow the Ninth Circuit's decision in *United States v. Colvin*, 204 F.3d 1221 (9th Cir. 2000), and combine all the counts into a single § 2255 proceeding. We decline this invitation. For one thing, it is doubtful that Wilson would ever seek collateral review of a district court's dismissal of his conviction on the conspiracy count. Hence, it is unclear what value would be served by forcing courts to delay collateral review of Wilson's other convictions until the district court has officially dismissed the conspiracy count.

Second, the policy arguments which Wilson proposes have previously been weighed and rejected by Congress. Entertaining Wilson's challenges to his CCE and firearms convictions would run afoul of Congress' clear intent to limit the collateral review of stale claims. Prior to the passage of AEDPA, a prisoner could at any time collaterally attack his conviction in a § 2255 motion. *See* 28 U.S.C. § 2255 (1994) (former version of § 2255, which expressly provided that a "motion for such [collateral] relief may be made at any time."). However, Congress created § 2255's one-year statute of limitations in order to prevent courts from entertaining stale claims on collateral review. Wilson's petition challenges only his CCE and firearms convictions, but each had been final for more than a year.

### III.

For the foregoing reasons, the judgment of the district court is

*AFFIRMED*.

MICHAEL, Circuit Judge, concurring in the judgment:

I agree with the majority's ultimate conclusion that Wilson's petition for habeas corpus is untimely. However, because I would reach that same conclusion by following a different route, I concur in the judgment.

The majority's decision is based on the premise that there are separate judgments of conviction for each count in a multiple-count criminal case. The majority therefore treats Wilson's convictions for the

offenses of CCE, drug conspiracy, and firearms use as separate judgments even though the convictions are set forth in a single judgment order. I start from a different premise. There is, as a general rule, only one judgment of conviction in a multiple-count criminal case. *See, e.g., United States v. Colvin*, 204 F.3d 1221, 1224 (9th Cir. 2000) (recognizing that the defendant's convictions for a drug conspiracy count and three aiding and abetting counts constituted a single judgment of conviction). The "judgment of conviction" is a unified document because it "must set forth . . . the [jury's] verdict or findings, the adjudication, and the sentence." Fed. R. Crim. P. 32(d)(1). *See also Colvin*, 204 F.3d at 1224 & n.3. Wilson's original judgment of conviction in this case conformed to the rule. The document is entitled "Judgment in a Criminal Case," and it sets forth both the adjudication of guilt on the three counts of conviction and the sentence. As a general proposition, the judgment of conviction does not become final until direct review of the conviction and sentence is concluded. *See United States v. Torres*, 211 F.3d 836, 839 (4th Cir. 2000).

Wilson appealed his judgment of conviction, and we decided that his conspiracy conviction had to be set aside, but we affirmed his CCE and firearms convictions. We remanded for the district court "to vacate his [conspiracy] conviction (and its accompanying sentence) on that one count." *United States v. Wilson*, 135 F.3d 291, 307 (4th Cir. 1998). Wilson applied to the Supreme Court for review of our decision affirming his CCE and firearms convictions, and the Court denied his petition for certiorari on May 26, 1998. Later, on September 24, 1998, the district court, pursuant to our remand order, conducted a resentencing hearing for Wilson. That court on November 16, 1998, entered an order that amended the original judgment (1) by vacating Wilson's conviction and sentence on the conspiracy count and (2) by ordering that "[t]he remainder of [Wilson's] previously imposed sentence [would] remain the same." Because Wilson did not file an appeal from the order amending his judgment (he had ten days to do so under Fed. R. App. P. 4(b)), his amended judgment became final on November 26, 1998. *See Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999) ("If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired."). If we had no other statute or rule to take into account, I

would say that Wilson's judgment of conviction did not become final until the time for appealing the amended judgment had passed. Thus, Wilson would have had one year from November 26, 1998, to file a § 2255 motion attacking *any* aspect of his judgment of conviction, and his motion filed on September 13, 1999, would have been timely. There is more to consider, however.

A reading of other applicable provisions, specifically 18 U.S.C. §§ 3582(b), 3742(f)(1), and Fed. R. Crim. P. 35(a), reveals that Wilson's § 2255 petition was filed too late. Section 3742(f)(1) of Title 18 provides that if "the court of appeals determines that [a defendant's] sentence— (1) was imposed in violation of law . . . the court shall remand the case for further sentencing proceedings with such instructions as the court considers appropriate." Rule 35(a) then empowers the district court to correct the sentence on remand. *See* Fed. R. Crim. P. 35(a) ("The court shall correct a sentence that is determined on appeal under 18 U.S.C. § 3742 to have been imposed in violation of law . . . ."). Section 3582(b) of Title 18, however, dictates that the correction of a sentence pursuant to § 3742(f)(1) and Rule 35(a) does not otherwise affect the finality of a judgment of conviction. *See United States v. Sanders*, 247 F.3d 139, 143 (4th Cir. 2001) (holding that the plain text of § 3582(b) "clearly states" that a modification of a sentence does not affect the date on which a defendant's judgment of conviction becomes final). Section 3582(b) states:

> (b) Effect of finality of judgment.—Notwithstanding the fact that a sentence to imprisonment can subsequently be— . . .
>
>> (2) corrected pursuant to the provisions of rule 35 of the Federal Rules of Criminal Procedure and section 3742; . . .
>
> a judgment of conviction that includes such a sentence *constitutes a final judgment for all other purposes*.

18 U.S.C. § 3582(b) (emphasis added).

Because we held in Wilson's direct appeal that his conspiracy conviction had to be set aside, his sentence on the conspiracy count was

therefore "imposed in violation of law." 18 U.S.C. § 3742(f)(1). On remand, pursuant to our instructions, the district court corrected Wilson's sentence pursuant to § 3742(f)(1) and Rule 35(a) by vacating his conspiracy sentence and by reconfirming his original sentence on the remaining counts. Under the clear language of § 3582(b) the district court's correction of Wilson's sentence did not affect the date on which his judgment of conviction became "a final judgment for all other purposes." 18 U.S.C. § 3582(b). In Wilson's case the phrase, "a final judgment for all other purposes," means that his judgment of conviction became final for purposes of his CCE and firearms convictions on May 26, 1998, the day on which the Supreme Court denied his petition for review of our decision affirming those convictions. *See United States v. Torres*, 211 F.3d 836, 839 (4th Cir. 2000) ("[F]or a defendant who files a petition for certiorari with the Supreme Court, the conclusion of direct review occurs when the Supreme Court either denies his petition or decides his case on the merits. After the Supreme Court does either of these two things, the defendant's judgment of conviction is final because literally nothing more occurs on direct review."). Because Wilson's judgment of conviction became final on May 26, 1998, for all purposes other than correction of his sentence on the conspiracy conviction, his petition challenging the validity of his CCE and firearms convictions is time barred under 28 U.S.C. § 2255. He filed his petition on September 13, 1999, which was more than one year from the date on which his judgment of conviction became final. *See* 28 U.S.C. § 2255. Because Wilson's habeas petition is untimely, I concur in the judgment affirming the dismissal of his petition.