TACHA, Circuit Judge.
 

 Steve Stevens appeals from the judgment of the United States District Court for the District of Kansas denying his motion for a new trial and his subsequent petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.
 

 I.
 

 On October 24, 1990, Steve Stevens, then incarcerated in the Wyandotte County Detention Center, was indicted for aiding and abetting the attempted escape of Daryl S. Guzman, a fellow inmate, in violation of 18 U.S.C. § 751(a). Upon Stevens’ request, the district court appointed Robert E. Jenkins to serve as Stevens’ counsel. Jenkins was counsel for Stevens during the jury trial, which was held on January 28 and 29, 1991. The jury returned a guilty verdict. The court scheduled sentencing for April.
 

 On March 21, 1991, the government learned that the United States District Court for the District of Kansas had disbarred Jenkins on January 21, 1991, seven days before Stevens’ trial. The district court found that neither Stevens nor Jenkins was aware of the disbarment until March 23, 1991, when the clerk’s office belatedly notified Jenkins of his disbarment. On March 29, 1991, the court appointed Thomas E. Foster as Stevens’ new counsel.
 

 Foster filed motions for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29(c) and for a new trial pursuant to Federal Rule of Criminal Procedure 23. In its Memorandum and Order entered November 8, 1991, the court concluded that it lacked jurisdiction to rule on these motions because they were filed more than seven days after the jury’s discharge. Nonetheless, the court “out of an abundance of caution” proceeded to the merits and denied relief under each motion.
 

 Stevens subsequently filed a motion pursuant to 28 U.S.C. § 2255 asking the court to vacate and set aside his conviction and to
 
 *567
 
 grant a new trial. Stevens argued that such relief was appropriate in light of alleged violations of his rights under the Fifth and Sixth Amendments. Stevens first argued that his Sixth Amendment rights were violated because he received ineffective legal assistance from Jenkins, his first appointed counsel. In that regard, Stevens argued that Jenkins’ legal assistance was per se ineffective because he had been disbarred. Alternatively, Stevens argued Jenkins’ legal assistance was constitutionally defective under the standards enunciated in
 
 Strickland v. Washington,
 
 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Finally, Stevens alleged that his Fifth Amendment, rights were violated by an evidentiary error by the district court and by prosecutorial misconduct. The district court denied all of Stevens’ claims for relief.
 

 On appeal, Stevens challenges both the district court’s refusal to hear his post-trial motions and its denial of his claims under the Fifth and Sixth Amendments. We affirm the district court’s denial of Stevens’ constitutional claims and the court’s dismissal of Stevens’ motion for judgment of acquittal. We also agree that, on the merits, Stevens was not entitled to a new trial and affirm that result for substantially the reasons given in the district court’s Memorandum and Order of November 7, 1991.
 

 II.
 

 Stevens advances two theories in support of his claim that he was denied effective assistance of counsel in violation of the Sixth Amendment. He first renews his argument that the appointment of a disbarred attorney amounts to a
 
 per se
 
 violation of the Sixth Amendment right to counsel. Stevens alternatively argues that Jenkins’ assistance was inadequate under the rule announced in
 
 Strickland.
 

 A.
 
 Per Se Ineffective Assistance of Counsel
 

 This case requires us to decide whether the representation of a criminal defendant provided by a disbarred attorney constituted constitutionally ineffective assistance of counsel per se where no one involved in the proceedings was aware of the disbarment, the attorney included. We hold that the legal assistance provided by Jenkins was not per se ineffective under the Sixth Amendment.
 

 The Ninth Circuit has twice rejected a per se rule of ineffectiveness flowing from an attorney’s disbarment. First, in
 
 United States v. Hoffman,
 
 733 F.2d 596 (9th Cir.),
 
 cert. denied,
 
 469 U.S. 1039, 105 S.Ct. 521, 83 L.Ed.2d 409 (1984), the Ninth Circuit eschewed a per se rule where a Florida attorney was disbarred in his home state while in trial in federal district court in Arizona. Although his Arizona license was suspended automatically as a result of the Florida discipline, the court held that no per se rule obtained and stated that a party pursuing a claim of ineffective assistance must identify actual and prejudicial errors by counsel.
 
 Id.
 
 at 599-601, 603. The Ninth Circuit reaffirmed that view in
 
 United States v. Mouzin,
 
 785 F.2d 682, 696-98 (9th Cir.),
 
 cert. denied,
 
 479 U.S. 985, 107 S.Ct. 574, 93 L.Ed.2d 577 (1986).
 

 The Second Circuit also has rejected a per se rule of ineffectiveness where a licensed attorney is unknowingly disbarred immediately before or during trial. In
 
 Wa-terhouse v. Rodriguez,
 
 848 F.2d 375 (2d Cir.1988), the defendant’s lawyer was disbarred on the second and final day of a pretrial hearing regarding the admissibility of an allegedly coerced confession. The lawyer withdrew upon learning of the disbarment later that day. Waterhouse contended that he was deprived of his Sixth Amendment right to counsel because he was represented by a disbarred lawyer for that one day of the pretrial proceedings. The court disagreed and distinguished
 
 Soli-na v. United States,
 
 709 F.2d 160 (2d Cir. 1983), which had established a per se ineffectiveness rule where the defective counsel had never been admitted to practice in any state. The court stated that the
 
 Soli-na
 
 rule derived from conflict of interest concerns rather than competence, concluding that a “phony” attorney might compromise his advocacy for fear of being exposed.
 
 Waterhouse,
 
 848 F.2d at 383. Be
 
 *568
 
 cause the
 
 Waterhouse
 
 attorney had been licensed and did not continue his representation after discovering his disbarment, the court found no inherent conflict of interest and refused to apply the
 
 Solina
 
 rule.
 
 Id.
 

 In this case, Stevens’ counsel was still admitted to practice in Kansas, and to his knowledge was still admitted to practice before the Kansas federal district court. Indeed, all present in the courtroom at the time of trial thought that Stevens’ counsel was a member of the bar of that court. We hold that where, as here, a licensed attorney is disbarred without notice, that attorney’s representation is not per se ineffective.
 

 B.
 
 Ineffective Assistance Under
 
 Strickland
 

 Although Stevens’ assistance was not per se ineffective, we still examine whether that assistance was in fact ineffective. In
 
 Strickland v. Washington,
 
 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court held that the effectiveness of counsel hinges on the twin elements of error and prejudice.
 
 Id.
 
 at 687, 104 S.Ct. at 2064. In
 
 United States v. Voigt,
 
 877 F.2d 1465 (10th Cir.),
 
 cert. denied,
 
 493 U.S. 982, 110 S.Ct. 517, 107 L.Ed.2d 518 (1989), we articulated the following standard for evaluating those elements:
 

 First, it must be shown [that] counsel committed serious errors so as to not be functioning as the “counsel” provided by the Sixth Amendment. To determine whether counsel’s performance comported with the Sixth Amendment, the inquiry is whether the attorney’s conduct [was] reasonable in light of all the circumstances of the case. This is an objective standard based on whether the reasonable defense attorney would act in the same manner as the defense counsel in the situation being analyzed. Second, it must be shown that counsel’s performance was prejudicial to the defense. “The defendant must show that there is a reasonable probability that, but for counsel’s unprofessional errors, -the result of the proceeding would have been different.”
 

 Id.
 
 at 1467-68 (citations omitted);
 
 see also United States v. Rantz,
 
 862 F.2d 808, 810-11 (10th Cir.1988),
 
 cert. denied,
 
 489 U.S. 1089, 109 S.Ct. 1554, 103 L.Ed.2d 857 (1989).
 

 While couched in several arguments, Stevens asserts that prejudice arose from Jenkins’ allegedly inadequate consultations with Stevens, his failure to move to sever Stevens’ and Guzman’s trials, and his handling of the fingerprint evidence. The record reveals that Jenkins met with the defendant several times. Stevens only claim of prejudice in that regard arises from Jenkins’ alleged failure to inform the defendant of his Fifth Amendment right not to testify. The district court, however, did not believe Stevens, instead finding that Jenkins advised Stevens
 
 to testify
 
 because he believed Stevens to be innocent and because Stevens indicated his strong personal desire to take the stand and tell his story. This was a reasonable decision and we thus discern no error arising from Jenkins’ consultations with- Stevens.
 

 We need not scrutinize under the “error” prong Jenkins’ actions regarding severance and the expert testimony because we find that they cannot be said to have prejudiced Stevens in the outcome of his trial. “If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.”
 
 Strickland,
 
 466 U.S. at 697, 104 S.Ct. at 2069;
 
 see also United States v. Jones,
 
 852 F.2d 1275, 1277 (10th Cir.1988). Based on our review of the evidence, we find no reasonable probability that, but for the remaining alleged errors, the result of the trial would have been different.
 

 We agree with the district court that Jenkins’ failure to move for severance was not prejudicial because a motion for severance would have been futile. Stevens has provided no credible evidence, and we can find none on his behalf, that the codefend-ant Guzman was at that time willing to waive his Fifth Amendment rights in order to exculpate Stevens.
 
 See United States v. McConnell,
 
 749 F.2d 1441, 1449 (10th Cir.
 
 *569
 
 1984) (listing likelihood that codefendant will testify as factor in evaluating motion to sever).
 

 In addition, Stevens was not prejudiced by Jenkins’ failure to contradict the fingerprint evidence either by calling an inmate witness to testify that Stevens was not in the cell during Guzman’s escape or by cross-examining the government’s expert. Stevens has identified no plausible way to discredit the fingerprint expert. His contention that Jenkins should have made the expert admit that the fingerprint
 
 could have
 
 been made at a time other than during the escape is an obvious proposition not needful of expert testimony and more properly directed to the prison guards and their cell visitation policies. Moreover, Stevens has failed to offer credible evidence either that he made the prints after the attempt (when the cell was locked down) or that he inadvertently made the prints while oblivious of Guzman’s purpose. In sum, we find no reasonable probability that the “assistance” Stevens recommends would have produced a different outcome.
 

 III.
 

 Stevens also claims that he was denied due process in violation of the Fifth Amendment because the district court allegedly admitted unqualified expert evidence and because the government allegedly engaged in prosecutorial misconduct.
 

 We review a trial court’s decision to admit or exclude evidence for an abuse of discretion.
 
 United States v. Harmon,
 
 918 F.2d 115, 118 (10th Cir.1990). Expert testimony is admissible where a witness, qualified by knowledge, skill, experience, training, or education, can assist the trier of fact in understanding the evidence. Fed.R.Evid. 702. The record reveals that the government’s expert is trained and experienced in both fingerprint classification and identification. The district court did not abuse its discretion in admitting this expert testimony.
 

 Stevens argues that the prosecutor improperly manipulated the testimony of one of the government’s key witnesses. Where, as here, the defense has objected at trial to the alleged misconduct, we review under a two step analysis. We first determine whether any misconduct occurred, and then determine whether that misconduct warrants reversal.
 
 United States v. Ellzey,
 
 936 F.2d 492, 498 (10th Cir.),
 
 cert. denied,
 
 — U.S. —, 112 S.Ct. 400, 116 L.Ed.2d 350 (1991). We do not reach the second prong in this case because the record is devoid of behavior that could reasonably be construed as misconduct on the part of the prosecutor. In particular, we find that the prosecutor’s examination of the witness was neither intended to mislead, nor succeeded in misleading, the jury.
 

 ÍV.
 

 Finally, it appears that Stevens challenges the district court’s determination that it did not have jurisdiction to hear his allegedly untimely motions for judgment of acquittal and for new trial. We address these motions in turn.
 

 Pursuant to Federal Rule of Criminal Procedure 29(c), a motion for a judgment of acquittal must be made “within 7 days after the jury is discharged or within such further time as the court may fix during the 7-day period.” The rule admits of no other exception. Because Stevens made his Rule 29(c) motion after the seven-day period and not within any' court-authorized extension, the district court properly refused to hear that motion for lack of jurisdiction.
 

 Rule 33 of the Federal Rules of Criminal Procedure, governing motions for a new trial, also provides a seven-day period in which to move for a new trial. Stevens clearly failed to meet that requirement. Rule 33, however, also provides a two-year period in which to move for a new trial based on the ground of newly discovered evidence.
 

 Even assuming that the evidence of his attorney’s disbarment is the kind of newly discovered evidence that would trigger the Rule 33 extended time period, our review of the record and of the district court’s precautionary determination
 
 *570
 
 of the merits of the motion convinces us that Stevens was not entitled to a new trial. A motion to grant a new trial “is not regarded with favor and should be granted only with great caution, being addressed to the sound discretion of the trial court.”
 
 United States v. Sutton,
 
 767 F.2d 726, 728 (10th Cir.1985). To succeed on a Rule 33 motion based on newly discovered evidence, the defendant must show that:
 

 (1) the evidence was discovered after trial; (2) the failure to learn of the evidence was not caused by his own lack of diligence; (3) the new evidence is not merely impeaching; (4) the new evidence is material to the principal issues involved; and (5) the new evidence is of such a nature that in a new trial it would probably produce an acquittal.
 

 United States v. Harpster,
 
 759 F.Supp. 735, 738 (D.Kan.) (citing
 
 Sutton,
 
 767 F.2d at 728),
 
 aff'd,
 
 951 F.2d 1261 (10th Cir.1991);
 
 see also United States v. Kulczyk,
 
 931 F.2d 542, 548 (9th Cir.1991) (applying same five part test).
 

 The issue involved in Stevens’ first trial was not the competence of his lawyer but his involvement in Guzman’s attempted jailbreak. Thus, Jenkins’ bar status is not material to the principal issue. Moreover, we cannot say that that evidence would probably produce an acquittal. Indeed, we can say with certainty the opposite. In
 
 Strickland,
 
 the Supreme Court declined to equate the standard for Sixth Amendment ineffective assistance with the standard for a new trial under Rule 33 where the mov-ant relies on newly discovered evidence, finding the Rule 33 standard to be too strict.
 
 Strickland,
 
 466 U.S. at 694, 104 S.Ct. at 2068. Having already found that Jenkins’ bar status does not violate the lower Sixth Amendment standard, it cannot possibly meet the higher new trial standard under Rule 33.
 

 After careful review of the record, and for the reasons set forth herein, we find that Stevens is entitled to no relief and AFFIRM.