16 F.3d 418
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Bob PARRIS, also known as Bob O. Parris, Defendant-Appellant.
 No. 93-7057.
 United States Court of Appeals, Tenth Circuit.
 Jan. 6, 1994.
 
 Before MOORE, ANDERSON, and KELLY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Bob Parris appeals, pro se, from the denial of his motion for new trial based on newly discovered evidence. Mr. Parris has been convicted of two counts of mail fraud and one count of wire fraud in connection with an investment trust he sold to clients. That conviction was affirmed on appeal to this court following a determination that the evidence at trial was sufficient to sustain the verdicts. United States v. Parris, No.91-7099, (10th Cir. Jan.27, 1993) (unpublished). Within the two years following conviction provided in Fed.R.Crim.P. 33, defendant filed his motion contending a "recently" discovered audit of the trust through which he conducted his affairs would establish his innocence. That motion was denied; this appeal followed, and we affirm.[2]
 
 
 3
 Denial of a motion for new trial on the basis of newly discovered evidence is reviewed for abuse of discretion. United States v. Stevens, 978 F.2d 565, 569 (10th Cir.1992). Such a denial will not be disturbed in the absence of a "clear abuse." Id. To obtain a new trial on newly discovered evidence, a defendant must show the alleged new evidence: (1) is more than impeaching or cumulative; (2) is material to the issues involved at trial; (3) would probably produce an acquittal; and (4) with the exercise of diligence was not available at trial. United States v. Youngpeter, 986 F.2d 349, 356 (10th Cir.1993).
 
 
 4
 Defendant's motion failed in all particulars. The motion was nothing more than a conclusory allegation that an audit had been discovered which "would have been compelling evidence in Parris' Favor." It stated further: "With the available records, and this Newly Discovered Evidence We will prove beyond [sic] any doubt PARRIS IS INNOCENT." Even giving this pleading an ultraliberal interpretation, it still fails to show how the alleged new evidence would produce an acquittal or why it was not discovered prior to trial. Defendant's conclusory allegations that such is the case are insufficient for this purpose because, at most, they merely establish the possible availability of impeaching evidence. Id.
 
 
 5
 Because defendant failed to demonstrate he was entitled to a new trial, the district court did not err in denying his motion. The judgment on appeal is AFFIRMED. The outstanding motions have been mooted by this decision and are therefore DENIED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. --- F.R.D. ----
 
 
 [2]
 Defendant's brief and associated motions present a cornucopia of legal arguments, most of which deal with matters beyond the motion for new trial and the appeal from its denial. Indeed, the majority of the arguments relate to the sufficiency of the evidence, a matter already decided in the direct appeal. We confine ourselves to the issue of whether the district court erred in denying the motion for new trial