PUBLISH

_____

# UNITED STATES COURT OF APPEALS

**Filed 4/1/96**

## TENTH CIRCUIT

_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff-Appellee, | ) |
| | ) |
| v. | ) No. 95-4095 |
| | ) |
| MANUEL MUNOZ AVELAR, | ) |
| | ) |
| Defendant-Appellant. | ) |

_____

APPEAL FROM THE UNITED STATES COURT
FOR THE DISTRICT OF UTAH
(D.C. No. 93-CR-63)

_____

Bruce C. Lubeck (Scott M. Matheson, Jr., United States Attorney with him on the brief), Assistant United States Attorney, Salt Lake City, Utah, for appellee.

Brett J. Delporto (Gregory G. Skordas with him on the briefs) of Watkiss, Dunning & Watkiss, Salt Lake City, Utah, for appellant.

_____

Before **ANDERSON, BARRETT, and MURPHY,** Circuit Judges.

_____

**BARRETT**, Senior Circuit Judge.

_____

Manuel Munoz Avelar (Avelar) appeals his conviction for possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm during a drug trafficking offense, in violation of 18 U.S.C. § 924(c).

On August 25, 1993, Avelar and two co-defendants were arrested as part of a "buy-bust" set up by the Ogden, Utah, police department and a confidential informant in which six kilograms of cocaine was seized. Avelar was released from custody on conditions on August 30, 1993. On September 7, 1993, Avelar failed to appear for his preliminary examination and, thereafter, his appointed counsel withdrew.

On September 8, 1993, an indictment was returned charging Avelar under Count I with possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and under Count II with possession of a firearm during a drug trafficking offense, in violation of 18 U.S.C. § 924(c). Avelar was eventually arrested in October, 1994, and, thereafter, he retained Earl Xaiz (Xaiz) as counsel.

On December 22, 1994, Avelar met with Detective Michael Ashment (Detective Ashment). The meeting was arranged by Xaiz, supposedly at Avelar's request, in an attempt to negotiate a plea agreement whereby Avelar would cooperate with authorities in exchange for a downward departure in sentencing under U.S.S.G. § 5K1.1. Xaiz did not accompany Avelar to the meeting. There was

apparently confusion about the function and purpose of the meeting in that Avelar allegedly believed that Detective Ashment had the authority to reduce or eliminate his prison time and, based on this erroneous belief, Avelar allegedly "wildly exaggerated his role in the cocaine deal" by telling Detective Ashment that he and Raul Rueda had traveled to California to set up the drug deal. Avelar contends that he terminated the interview when he discovered that Detective Ashment did not have the authority to reduce or eliminate his prison time.

Avelar's relationship with Xaiz apparently disintegrated after Avelar's meeting with Detective Ashment. New counsel was appointed in February, 1995.

On April 4, 1995, Avelar was convicted of both counts following a two-day jury trial. Thereafter, Avelar filed a motion for a new trial based in part on Xaiz's failure to accompany him to the December 22, 1994, meeting. The district court denied the motion on May 1, 1995. On June 14, 1995, Avelar was sentenced to consecutive terms of 120 months imprisonment on Count I and 60 months imprisonment on Count II.

On appeal, Avelar contends that he was denied effective assistance of counsel in violation of his Sixth Amendment right when Xaiz failed to accompany him to the December 22, 1994, meeting with Detective Ashment. Avelar argues that he was without representation at a critical phase of the case against him and that

this effectively denied him his right to testify on his own behalf at trial.

Based on our reasoning in United States v. Galloway, 56 F.3d 1239 (10th Cir. 1995) (en banc), we hold that Avelar's ineffective assistance of counsel claim should be brought on collateral review. In Galloway, we reaffirmed and reemphasized that "[i]neffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal" and that "[s]uch claims brought on direct appeal are presumptively dismissible, and virtually all will be dismissed." Id. at 1240. See also United States v. McKneely, 69 F.3d 1067, 1079-80 (10th Cir. 1995) (ineffectiveness claim brought on direct appeal dismissed without prejudice); United States v. Kennedy, 64 F.3d 1465, 1474-75 (10th Cir. 1995) (ineffectiveness claim brought on direct appeal dismissed without prejudice based on Galloway).

For adequate review of an appellant's ineffective assistance of counsel claim, a factual record must be developed in and addressed by the district court. Galloway, 56 F.3d at 1240. "Even if evidence is not necessary, at the very least counsel accused of deficient performance can explain their reasoning and actions, and the district court can render its opinion on the merits of the claim." Id.

While we noted in Galloway that "in rare instances an ineffectiveness of counsel claim may need no further development

prior to review on direct appeal," <u>id</u>, this is not one of those exceptional cases.  Avelar's argument, which centers on Xaiz's failure to accompany him to the meeting with Detective Ashment, requires precisely the type of factual determinations contemplated by <u>Galloway</u>, which are beyond the scope of the record on direct appeal, i.e., Xaiz's reason(s) for arranging the meeting; Xaiz's reason(s) for not accompanying Avelar, and Avelar's actual knowledge regarding the purpose of the meeting and Detective Ashment's authority.

Accordingly, we dismiss Avelar's claim of ineffective assistance of counsel without prejudice to his right to raise the issue again in a collateral proceeding.

**DISMISSED.**