**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 29 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

STEVEN M. SELF,

      Petitioner-Appellant,

v.

TERRY CALLAHAN, Chief Probation
Officer, United States Probation;
UNITED STATES OF AMERICA,

      Respondents-Appellees.

No. 00-4197
(D.C. No. 97-CV-302-S)
(D. Utah)

---

**ORDER AND JUDGMENT** *

---

Before **HENRY** , **ANDERSON** , and **BRISCOE** , Circuit Judges.

---

      After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Steven M. Self appeals the district court's September 12, 2000, order denying his 28 U.S.C. § 2255 motion to vacate two criminal convictions, and adopting the magistrate judge's Report and Recommendation (R&R) to dismiss Mr. Self's petition for habeas corpus. Mr. Self also appeals the district court's denial as untimely his motion for reconsideration filed September 22, 2000. Mr. Self has filed an application for certificate of appealability (COA) with this court, attached to his *pro se* brief. For the following reasons, we deny the request for COA and dismiss the appeal.

I.

Following a jury trial, Mr. Self was convicted of four counts of violating the Resource Conservation and Recovery Act (RCRA), 42 U.S.C. § 6928(d), one count of mail fraud, 18 U.S.C. § 1341, and one count of conspiracy to violate RCRA, the Clean Air Act, and the Clean Water Act, 18 U.S.C. § 371. He was sentenced to six months at a federal halfway house followed by six months of home confinement. [1] On direct appeal, this court reversed four of the counts, but affirmed the conspiracy charge and one count of violating 28 U.S.C. § 6928. *See United States v. Self*, 2 F.3d 1071 (10th Cir. 1993).

Mr. Self filed a motion under 28 U.S.C. § 2255 challenging his sentence due to ineffective assistance of counsel and newly discovered evidence.

---

[1] Mr. Self has finished serving that sentence.

-2-

A magistrate judge reviewed Mr. Self's allegations and recommended that they be denied on November 23, 1999. At the time of the filing of the R&R, Mr. Self was not represented by counsel, however he was given notice that he was required to file any objections he might have within ten days after receiving the report, and he was specifically warned that his failure to file objections may constitute a waiver of those objections on subsequent appellate review.

On December 16, 1999, Mr. Self moved to extend the time to file objections citing excusable neglect and his desire to hire an attorney. Noting Mr. Self's *pro se* status, the district court granted an additional ten days to object to the magistrate judge's R&R, but the court refused to grant time in addition to the ten days, concluding:

> This case has previously been delayed for many months while plaintiff unsuccessfully sought to obtain an attorney. Plaintiff does not now identify the attorney he seeks to employ nor does he represent that the attorney has agreed to represent him. Instead plaintiff represents that he has "been talking to" an attorney. Because plaintiff has previously obtained a long stay of these proceedings while he unsuccessfully sought an attorney and where he has not now actually retained a new attorney, the court will not grant an additional sixty-day stay.

Aplee. Mem. Br., Attach. B (Jan. 4, 2000 Order) at 3-4.

Mr. Self did not file objections within the required time. And while Mr. Self eventually retained counsel, no objections were filed by him or his attorney at any time prior to the district court's September 12, 2000, order

-3-

adopting the R&R, and dismissing his § 2255 motion.  Mr. Self moved for reconsideration of that order, but the motion was denied as untimely.  This appeal followed.

## II.

While we have jurisdiction over this appeal, *see* 28 U.S.C. §§ 1291, 2253, 2255, "we have adopted a firm waiver rule when a party fails to object to the findings and recommendations of the magistrate." *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).  "Our waiver rule provides that the failure to make timely objection to the magistrate's findings or recommendations waives appellate review of both factual and legal questions." *Id.*  There are two exceptions to this rule.  The first exception involves the level of notice required to be given to a *pro se* litigant about the consequences of his failure to object to the report and recommendation.  *See Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  This exception does not apply to Mr. Self as it is clear from the record that he was informed of the consequences of his failure to object to the magistrate judge's R&R.  The second exception is that the waiver rule "need not be applied when the interests of justice so dictate." *Moore*, 950 F.2d at 659.

In applying this latter exception, we are mindful of the important interests underlying the Magistrate's Act that our waiver rule was designed to promote, *see United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996), as well as

-4-

that any exception to that rule must be narrowly drawn so as to avoid the "inefficient use of judicial resources." *Id.* at 1060 (quoting *Thomas v. Arn*, 474 U.S. 140, 148 (1985)). In this particular case, Mr. Self has given no explanation excusing his failure to file timely objections and there were no untimely filed objections which the district court could review. Nevertheless, Mr. Self desires that we apply the interests of justice exception to our waiver rule based on the merits of his claims. *See Theede v. United States Dep't of Labor*, 172 F.3d 1262, 1268 (10th Cir. 1999) (reviewing merits of un-counseled, pro se litigant's claims to determine if interests of justice precludes waiver).

*Newly discovered evidence claim*

The bases for Mr. Self's claims of newly discovered evidence focus on a private investigator's interview with Milon Frith, who, in 1992, gave incriminating testimony that helped convict Mr. Self. The interview, taped in 1996, includes some statements that were arguably inconsistent with his trial testimony. [2] In that interview Mr. Frith also informed the investigator that he had been granted prosecutorial immunity prior to his trial testimony. To be entitled to

---

[2] There were two interviews with Mr. Frith. The first, in 1996, formed part of the basis for Mr. Self's § 2255 claim and was reviewed and discussed by the magistrate judge in the R&R. The second interview was conducted after the report was issued but was not before the district court adopting the R&R. On appeal, Mr. Self argues that the second interview further clarifies Frith's earlier interview and testimony, showing that testimony to be incorrect and coerced.

a new trial based on newly discovered evidence, the defendant must show the following:

> (1) the evidence was discovered after trial; (2) the failure to learn of the evidence was not caused by his own lack of diligence; (3) the new evidence is not merely impeaching; (4) the new evidence is material to the principal issues involved; and (5) the new evidence is of such a nature that in a new trial it would probably produce an acquittal.

*United States v. Stevens*, 978 F.2d 565, 570 (10th Cir. 1992) (quoting *United States v. Harpster*, 759 F. Supp. 735, 738 (D. Kan. 1991)). The magistrate judge thoroughly discussed the relevant portions of Mr. Frith's testimony with these five factors in mind, and we agree with the magistrate judge's analysis of that evidence. Moreover, we have separately reviewed the content of Mr. Frith's most recent interview and we find nothing new that would probably produce an acquittal were Mr. Self granted a new trial, including the potentially impeaching evidence of Mr. Frith's prosecutorial immunity. Therefore, we conclude that Mr. Self does not have a sufficiently meritorious newly discovered evidence claim to overcome waiver.

*Ineffective assistance of counsel claim*

Mr. Self also raised several ineffective assistance claims which the magistrate judge concluded were without merit. To demonstrate a claim for ineffective assistance of counsel,

First, it must be shown counsel committed serious errors so as to not be functioning as the "counsel" provided by the Sixth Amendment. To determine whether counsel's performance comported with the Sixth Amendment, the inquiry is whether the attorney's conduct is reasonable in light of all the circumstances of the case. This is an objective standard based on whether the reasonable defense attorney would act in the same manner as the defense counsel in the situation being analyzed. Second, it must be shown that counsel's performance was prejudicial to the defense. The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

*United States v. Voigt*, 877 F.2d 1465, 1467-68 (10th Cir. 1989) (quotations and citations omitted). After reviewing the record, we agree with the magistrate judge's R&R, as adopted by the district court, that Mr. Self's claims lacked specificity and failed to show prejudice such that there was a reasonable probability that the outcome of the trial would have been different.

On appeal, Mr. Self has focused on the unreasonableness of his counsel's failure to ask witnesses about deals struck with the prosecution, including the prosecution's grant of immunity in exchange for testimony. His only evidence of such a deal actually being made is through the interview with Mr. Frith. While informing the jury that Frith received immunity in exchange for his testimony might have had some impact on his credibility, given the ample evidence against Mr. Self regarding his two convictions, the potential impact of this additional information is insufficient to show there was a reasonable probability that the outcome of the criminal trial would have been different. Because Mr. Self has

not shown prejudice, and because he has not adequately demonstrated that his counsel's failure to ask Mr. Frith about his grant of immunity falls below the objective standard of reasonableness for a defense attorney, the ineffective assistance claim is not sufficiently meritorious to overcome waiver.

Mr. Self's failure to object to the magistrate judge's R&R waives appellate review of both factual and legal questions. Mr. Self has not established that the interests of justice would dictate our ignoring that waiver. Mr. Self's request for a certificate of appealability is DENIED and his appeal is DISMISSED. [3]

Entered for the Court

Mary Beck Briscoe
Circuit Judge

---

[3] By this order and judgment we also deny Mr. Self's request for COA of the district court's denial of Mr. Self's motion for reconsideration filed September 22, 2000. Because we have addressed the relevant merits of that motion in the context of this dismissal, we need not decide whether that motion, however it is construed under the Federal Rules, was or was not timely filed.