**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 20, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

JUAN MANUEL CARBAJAL-
MORENO,

      Defendant-Appellant.

No. 04-2206
(D.C. No. CR-99-777)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **BALDOCK**, and **LUCERO**, Circuit Judges.

Juan Manuel Carbajal-Moreno appeals the district court's denial of his

motion for a new trial. Seeking a new trial on the basis of "newly discovered

evidence," Carbajal-Moreno argues that sometime after his convictions were

entered he discovered that his trial attorney surrendered his Bar license prior to

trial. The district court construed Carbajal-Moreno's motion as asserting

ineffective assistance of counsel and denied the motion, concluding that

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

ineffective assistance of counsel claims should be brought in collateral proceedings. We exercise jurisdiction under 28 U.S.C. § 1291 and **AFFIRM**.

I

John Hedderman filed a "Resignation with Charges Pending" with the California State Bar, which the Supreme Court of California accepted on January 4, 2001. On January 23rd, Hedderman entered his appearance as counsel for Carbajal-Moreno and on February 1st, he filed an application to appear pro hac vice in the court below. In this application, Hedderman stated that he was admitted to practice law before the Supreme Court of California, that he was in good standing with the court, and that he was not currently suspended or disbarred. On February 3rd the California State Bar listed Hedderman as "resigned" and on February 5th the court below granted Hedderman's application to appear pro hac vice. Hedderman represented Carbajal-Moreno at trial, at which the defendant was convicted of eight counts relating to a conspiracy to sell marijuana.

Thirty-five months after the jury verdict, Carbajal-Moreno filed a motion for a new trial, arguing that his discovery that Hedderman had resigned his Bar license constituted new evidence. In substance, Carbajal-Moreno argued that Hedderman's lack of Bar membership constituted ineffective assistance of counsel. After receiving a response, a reply, and a supplemental response, the

district court denied the motion without a hearing. The court based its denial on

longstanding precedent holding that ineffective assistance claims should be

brought in collateral proceedings and not on direct review. In so doing, the court

expressed "no opinion on the merits or timeliness of the Defendant's claim, as it

is not properly before the Court at this stage in the proceedings."

## II

We review the denial of a motion for a new trial for an abuse of discretion.

United States v. Sinclair, 109 F.3d 1527, 1531 (10th Cir. 1997).[1] We have held

---

[1] Carbajal-Moreno argues that the appropriate standard of review is de novo because, he argues, the district court based its decision on a question of law. See United States v. Austin, 231 F.3d 1278, 1281 (10th Cir. 2000) ("When the determination of a new trial turns on an issue of law, however, the determination is reviewed de novo."). The relevant question of law, according to the defendant, is "whether the participation by a disbarred attorney or an attorney who voluntarily relinquished his privilege to be a licensed attorney in good standing with any recognized lawyer's bar placed 'the underlying fairness of the entire trial in doubt.'" Appellant's Reply Br. at 1-2 (quoting United States v. Soussi, 316 F.3d 1095, 1109 (10th Cir. 2002)). That is not, however, the question that we review in this case. The district court based its denial on its conclusion that "Defendant's claim should be brought in a collateral proceeding pursuant to 28 U.S.C. § 2255," and denied an evidentiary hearing. The court specified that it was not reaching the merits of Carbajal-Moreno's claim. We have applied the abuse of discretion standard where the district court denied an evidentiary hearing and a motion for a new trial based on ineffective assistance, and do so now. United States v. Sands, 968 F.2d 1058, 1066 (10th Cir. 1992). We apply a de novo standard not when a district court decides, within its discretion, that a motion for a new trial is an inappropriate vehicle for bringing a certain claim, but rather when deciding the merits of the new trial motion involves reaching a question of law. See, e.g., Morgan v. City of Albuquerque, 25 F.3d 918, 919 (10th Cir. 1994) ("the issue in this case turns on the district court's determination of a question of law, namely the applicability of the rules on peremptory jury

repeatedly that "[i]neffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal. Such claims brought on direct appeal are presumptively dismissible, and virtually all will be dismissed." United States v. Galloway, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc); see also United States v. Boigegrain, 155 F.3d 1181, 1186 (10th Cir. 1998) ("Normally, we require criminal defendants alleging ineffective assistance of counsel to obtain a ruling by a district court on their argument by way of a motion pursuant to 28 U.S.C. § 2255."); United States v. Yates, 22 F.3d 981, 986 (10th Cir. 1994) ("a claim of ineffective assistance of counsel which requires the development of a record, will not be heard on direct appeal, but must be brought in a collateral proceeding.").

Our insistence that, except in extraordinary circumstances, defendants must bring ineffective assistance of counsel claims in collateral proceedings extends to motions for a new trial. In United States v. Avelar, 80 F.3d 430 (10th Cir. 1996), a defendant attempted to raise ineffective assistance of counsel as grounds for a new trial. The relevant fact in Avelar was that defense counsel failed to

---

strikes to physical disability. We therefore review the district court's determination of that question de novo."); Austin, 231 F.3d at 1281 ("Whether the Sixth Amendment prohibits a judge from responding to a jury question by directing it to make its verdict and any appended comments consistent is a question of law that this court reviews de novo.").

accompany his client to a post-indictment meeting with law enforcement where the defendant confessed to the crime. On appeal of the district court's denial of the motion for a new trial, we relied on Galloway to "hold that Avelar's ineffective assistance of counsel claim should be brought on collateral review." Id. at 431. Proceedings adjudicating claims raised in § 2255 motions provide the best avenue for deciding assertions of ineffective assistance of counsel.

Our decision in United States v. Stevens, 978 F.2d 565 (10th Cir. 1992), provides one example of why motions for new trials on the basis of newly discovered evidence serve as particularly inappropriate vehicles for raising ineffective assistance of counsel claims. In Stevens, a defense attorney was disbarred seven days before a criminal trial. Both the defendant and counsel were unaware of the disbarment until after the jury convicted Stevens. The trial court denied Stevens' motion for a new trial based on this "newly discovered evidence" and, on appeal, we applied the traditional test for adjudicating motions for new trials based on newly discovered evidence and affirmed. This test requires a defendant to prove, inter alia, that the new evidence "is material to the principal issue involved." See id. at 570. We clarified that the "principal issue involved" in the trial is "not the competence of [defendant's] lawyer" but rather the underlying crime. Id. We specifically held that because the principal issue involved was the defendant's involvement in the crime, his attorney's "bar status

is not material to the principal issue." Id.  It is difficult to imagine a situation where an attorney's bar status would be material to the principal issue involved in a criminal trial.  Moreover, having already concluded that defense counsel's disbarment did not amount to a Sixth Amendment violation, we concluded that "it cannot possibly meet the higher new trial standard under Rule 33." Id.  Thus, a claim that an attorney's bar status constitutes newly discovered evidence ordinarily will not survive the test for deciding a motion for a new trial.

Carbajal-Moreno argues that the district court abused its discretion by denying his motion for a new trial and cancelling a scheduled evidentiary hearing because this court has, in the past, considered claims of ineffective assistance of counsel on direct review.  In fact, we have held that "in rare circumstances where the record before us allows for a fair evaluation of the merits of the claim . . . [a defendant may] seek a new trial as part of the original criminal proceedings (rather than by way of collateral attack) on the grounds of ineffective assistance of counsel." Sands, 968 F.2d at 1066 (emphasis added).  However, simply because we have "considered ineffective assistance of counsel claims on direct appeal where such claims were adequately developed by the district court prior to appeal," United States v. Gallegos, 108 F.3d 1272, 1280 (10th Cir. 1997), does not mean that a district court abuses its discretion when it declines to develop the record.  Adopting Carbajal-Moreno's argument would require district courts to

hold evidentiary hearings whenever they are presented with motions for new trials based on ineffective assistance. This we decline to do.

Additionally, even in the "rare circumstances" where the record allows appellate review of a new trial claim based on ineffective assistance, "a defendant must identify specific facts and circumstances outside the record which, if proven, would entitle him to a new trial." Sands, 968 F.2d at 1066. Importantly, the defendant in Sands did not move for a new trial claiming newly discovered evidence. As Stevens illustrates, the extra record facts identified by Carbajal-Moreno – those concerning Hedderman's Bar status – do not pertain to the principal issue involved in the underlying trial, and therefore would not entitle Carbajal-Moreno to a new trial on the basis of newly discovered evidence.

The district court's decision to deny the motion for a new trial and cancel the scheduled evidentiary hearing was not "arbitrary, capricious, whimsical, or manifestly unreasonable." Austin, 231 F.3d at 1281. Deciding that ineffective assistance of counsel claims should ordinarily be raised on collateral attack rather than in a motion for a new trial does not amount to an error of law. Rather, such a decision stems directly from our precedent. See Soussi, 316 F.3d at 1108 ("A district court abuses its discretion if it makes an error of law."). We therefore conclude that the district court did not abuse its discretion.

In reaching this conclusion, we do not express any opinion as to the underlying merits of Carbajal-Moreno's Sixth Amendment claim. We hold only that Carbajal-Moreno must bring his claim in a collateral proceeding.

## III

We **AFFIRM** the district court's order denying Carbajal-Moreno's motion for a new trial.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge