FILED
United States Court of Appeals
Tenth Circuit

June 5, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

    v.

JUAN MANUEL CARBAJAL-
MORENO,

        Defendant-Appellant.

No. 07-2154

(D. of N.M.)

(D.C. No. CIV-06-301-JC)

---

**ORDER AND JUDGMENT**[*]

---

Before **HENRY**, **TYMKOVICH**, Circuit Judges, and **LEONARD**, District Judge.[**]

---

Juan Manuel Carbajal-Moreno appeals the dismissal of his petition for habeas corpus. The district court concluded the petition was untimely because Carbajal missed the one year statute of limitation required under 28 U.S.C. § 2255. Because we conclude that Carbajal timely filed his petition within one

---

    [*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

    [**] The Hon. Timothy D. Leonard, United States District Court Judge for the Western District of Oklahoma, sitting by designation.

year of the completion of his direct appeal, we REVERSE the district court's order and remand for further proceedings.

## I.  Background

Carbajal was indicted in 2001 on eight counts relating to drug possession and distribution.  A jury convicted him of all counts, and the district court sentenced him to concurrent prison terms of 262 months on each count.  Carbajal timely appealed his convictions on two of the counts.

We reversed on one of the counts, a conspiracy charge, on double jeopardy grounds, but affirmed a related continuing criminal enterprise conviction.  We remanded the case to the district court and ordered it to "vacate the conspiracy conviction . . . and to adjust Carbajal-Moreno's sentence accordingly."  *United States v. Carbajal-Moreno*, 87 F. App'x 700, 706 (10th Cir. 2004) (*Carbajal-Moreno I*).

During the time the case was before the district court on remand, and 35 months after the jury verdict, Carbajal filed a Rule 33 motion for new trial based on newly discovered evidence, alleging that "sometime after his convictions were entered he discovered that his trial attorney surrendered his Bar license prior to trial," *United States v. Carbajal-Moreno*, 136 F. App'x 163, 164, 167 (10th Cir. 2005) (*Carbajal-Moreno II*), and that his representation was therefore ineffective under the Sixth Amendment.  The district court denied the motion in July 2004,

reasoning that ineffective assistance of counsel claims are ordinarily best pursued in collateral proceedings.

On August 4, 2004, the district court entered its amended judgment in the remand proceedings, vacating the conspiracy conviction and sentencing Carbajal to concurrent terms of 262 months for each of the remaining counts.[1]  Carbajal filed a notice of appeal on August 11, 2004, stating his "intent to appeal to the United States Court of Appeals for the Tenth Circuit from the attached August 10, 2004 Amended Judgment and the July 28, 2004 order."  Dist. Ct. R. Doc. 457 (August 11, 2004).  We affirmed the dismissal of Carbajal's Rule 33 Motion in June 2005, although our order did not specifically discuss the amended judgment. *Carbajal-Moreno II*, 136 F. App'x at 164–67.

In April 2006, Carbajal initiated this § 2255 collateral action to pursue his ineffective assistance of counsel claim.  The magistrate judge recommended dismissing the petition as time-barred.  The district court adopted the magistrate judge's recommendation and dismissed the action.  Carbajal now appeals.

## II.  Discussion

Carbjal's § 2255 motion was timely because he filed it within one year of the final judgment in his case.  We review the district court's determination that a

---

[1] The district court filed an additional amended judgment on August 10, 2004, correcting a clerical mistake.

-3-

§ 2255 motion is time-barred de novo. *See United States v. Cox*, 83 F.3d 336, 338 (10th Cir. 1996).

**A.**

"A motion by a federal prisoner for postconviction relief under 28 U.S.C. § 2255 is subject to a one-year time limitation that generally runs from 'the date on which the judgment of conviction becomes final.'" *Clay v. United States*, 537 U.S. 522, 524 (2003) (citing § 2255).[2]   In the context of post-conviction relief and the Antiterrorism and Effective Death Penalty Act (AEDPA), "[f]inality attaches when [the Supreme] Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Id.* at 527; *United States v. Burch*, 202 F.3d 1274, 1277 (10th Cir. 2000).  In other words, a conviction becomes final upon the completion of direct review. *Burch*, 202 F.3d at 1277.

Where a defendant does not file a petition for writ of certiorari, direct review is completed and the decision becomes final when the time for filing a certiorari petition expires—ninety days after the court of appeals issues its judgment. *Burch*, 202 F.3d at 1279.  Furthermore, when a defendant does not appeal a district court judgment to the court of appeals, that judgment becomes final when the time to appeal the judgment expires—ten days after the district

---

[2] Section 2255 provides that the one-year period begins on the latest of four events; the relevant event in this case, as is generally the case, is the date the judgment of conviction became final. § 2255; *Clay*, 537 U.S. at 525.

court issues its judgment. *See United States v. Prows*, 448 F.3d 1223, 1227–28 (10th Cir. 2006); *Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005) ("We . . . hold that, for purposes of § 2255 motions, an unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires.").

The question here is when Carbajal's conviction became final: after we reversed and remanded for resentencing, or after the district court issued its amended judgment and any appeal thereof was complete. The government argues the conviction became final ninety days after our February 5, 2004 decision affirming in part and reversing in part his initial appeal. *Carbajal-Moreno I*, 87 F. App'x at 706. Carbajal, however, contends his conviction could not have become final until after the district court issued its decision on remand since we ordered the district court to "vacate the conspiracy conviction" and "adjust the sentence accordingly."

We agree with Carbajal. The Supreme Court recently considered a similar question in *Burton v. Stewart*, 549 U.S. 147, 156 (2007). There, the Court explained that a case on remand for resentencing was not final for purposes of habeas proceedings arising from state court convictions until the resentencing and the direct appeal thereof were complete:[3]

---

[3] The issue in *Burton* was whether the petitioner's habeas petition should be dismissed as an unauthorized successive petition pursuant to § 2244(b). 549

(continued...)

Burton . . . contends that had he not filed the 1998 petition when he did, and instead waited until state review of his sentencing claims [—on remand for resentencing and on direct appeal of the amended sentence—] was complete, he risked losing the opportunity to challenge his conviction in federal court due to AEDPA's 1-year statute of limitations. . . . But this argument misreads AEDPA. . . . *Burton's limitations period did not begin until both his conviction and sentence 'became final by the conclusion of direct review or the expiration of the time for seeking such review.*"

*Id.* (citation omitted) (emphasis added).

Other circuits have reached the same conclusion under § 2255. *See United States v. Messervey*, 269 F. App'x 379, 381 (5th Cir. 2008) (addressing a motion under § 2255 and concluding that "[i]n light of *Burton*, we hold that in cases in which a defendant's conviction is affirmed on appeal but the case is remanded for re-sentencing, the defendant's conviction becomes final for limitations purposes under the AEDPA when [ ] both the conviction and sentence become final by the conclusion of direct review or the expiration of time for seeking such review."); *see also United States v. Lafromboise,* 427 F.3d 680, 683–84 (9th Cir. 2005);

---

[3](...continued)
U.S. at 149. The *Burton* Court found that the petition was a successive petition because the petitioner was contesting the same custody imposed by the same state court judgment as he previously contested in a petition filed several years before. *See id.* at 155–56. The *Burton* Court addressed the AEDPA limitations period in response to the petitioner's argument that if he had waited to file his first habeas petition until state court review of his sentencing claims was complete, he risked losing the opportunity to challenge his conviction in federal court pursuant to the one-year statute of limitations. *See id.* at 156. The Court rejected the petitioner's argument, finding that the AEDPA limitation did not begin to run until direct review of Burton's conviction concluded. *Id.*

*United States v. Colvin*, 204 F.3d 1221, 1224-26 (9th Cir. 2000) (explaining legal and policy rationale for clear rule of finality).

This logic is also consistent with our case law. For example, in *United States v. Burch* we explained that "read in the context of the AEDPA, § 2255's use of 'final' plainly means 'a decision from which no appeal or writ of error can be taken.'" 202 F.3d at 1277 (citing Black's Law Dictionary 629 (6th ed. 1990)). But an appeal could arise from resentencing. Indeed, "where the appellate court has not specifically limited the scope of the remand, the district court generally has discretion to expand the resentencing beyond the sentencing error causing the reversal." *United States v. Hicks*, 146 F.3d 1198, 1200–02 (10th Cir. 1998) (citation omitted) (explaining that simple commands such as "vacate," "set aside," and "affirm" are not sufficiently specific to limit the district court's discretionary power); *Ward v. Williams,* 240 F.3d 1238, 1243–44 (10th Cir. 2001) (explaining that under the sentencing packaging doctrine, when one of the counts upon which a defendant has been convicted is set aside or vacated, the district court is free to reconsider de novo the sentencing package unless the appellate court specifically limited the district court's discretion on remand). As we have clarified, "after we vacate a count of conviction that is part of a multi-count indictment, a district court 'possesses the inherent discretionary power' to resentence a defendant on the remaining counts de novo unless we impose specific limits on the court's authority to resentence." *Hicks*, 146 F.3d at 1202 (citation omitted) (noting that

the sentencing package doctrine generally permits the district court to resentence a defendant on convictions that remain after he succeeds in getting one or more convictions vacated—even if he did not challenge the convictions on which he is resentenced).

Here, we did not limit the district court on remand. *See id.* at 1200–02 (holding that despite this court's failure to remand for resentencing, the district court had authority on remand to reevaluate the entire sentencing package when we vacated Hick's sentence as to one offense and remanded for a new trial on that offense, but affirmed "in all other respects" the other convictions and sentences, and nothing in the mandate indicated that we intended to limit the district court's ability to resentence on the remaining counts).  Therefore, the judgment was not final until after the district court issued its amended judgment.  *See United States v. Johnson*, No. 99-5091, 1999 WL 983094 (10th Cir. Oct. 29, 1999) (finding that Johnson's conviction became final for AEDPA purposes ten days after judgment was entered at resentencing—the date on which the time expired to directly appeal the district court's order following this court's affirmance in part, reversal in part, and remand for resentencing).

**B.**

The government contends the remand here was merely ministerial, however, and did not affect the conviction's finality.  The government points to *Burrell v. United States*, 467 F.3d 160, 161, 164 (2d Cir. 2006), where the Second

-8-

Circuit deemed ministerial a remand when the court affirmed the conviction and sentence on one count but remanded the case to the district court to "correct the judgment to reflect dismissal" of another count. The circuit concluded that its remand for the entry of an amended judgment was strictly ministerial—it required a routine, nondiscretionary act by the district court that could not have been appealed on any valid ground. *Id.* at 161, 165–66. Finding that "a ministerial remand does not delay a judgment's finality because the lower court's entry of a corrected judgment could not give rise to a valid appeal," *id.* at 164, the court concluded that Burrell's conviction became final either when the Supreme Court denied his petition for a writ of certiorari or when his time for filing a certiorari petition expired. *Id.* at 166*; see also Richardson v. Gramley*, 998 F.2d 463, 465 (7th Cir. 1993); *cf. United States v. Wilson*, 256 F.3d 217, 218–20 (4th Cir. 2001) (holding that the statutory period was not tolled by remand for vacatur of a conviction on one count, after all other counts in judgment of conviction were affirmed).

We are unpersuaded that these cases apply here. The remand in this case was not so clearly ministerial that we could expect Carbajal to have concluded that his conviction became final and his AEDPA limitation period commenced after we issued our judgment. Instead, our mandate did not limit the district court's discretion, and it is possible the reversal of one of the counts of conviction could have affected the district court's overall view of the original

sentence.  Our default rule in such cases is that the district court is free to reconsider de novo the sentencing package unless the appellate court specifically limited the district court's discretion on remand.  *See Hicks,* 146 F.3d at 1200–02; *United States v. Keifer*, 198 F.3d 798, 801 (10th Cir. 1999)*; Ward,* 240 F.3d at 1243–44.

## C.

Consequently, we conclude that the conviction could not have become final until after the appeal of the district court's August 4, 2004 amended judgment. Had Carbajal not filed a timely notice of appeal, his conviction would have become final ten days after the amended judgment was issued.  But Carbajal timely filed a notice of appeal within ten days of the judgment, on August 11, 2004.  His notice of appeal correctly designated the two orders being appealed—both the denial of his Rule 33 motion and the amended judgment.

The filing of "a notice of appeal generally divests a district court of jurisdiction over the issues on appeal," although it retains jurisdiction to consider certain collateral matters.  *Prows*, 448 F.3d at 1228 (10th Cir. 2006) (citing *Lancaster v. Independent Sch. Dist. No. 5*, 149 F.3d 1228, 1237 (10th Cir. 1998) (sanctions); *United States v. Meyers*, 95 F.3d 1475, 1489 n.6 (10th Cir. 1996) (release pending appeal)); *see also* Fed. R. App. P. 4(b)(5).  Indeed, the "court of appeals acquires jurisdiction of an appeal . . . upon the filing of a timely notice of appeal."  *United States v. Torres*, 372 F.3d 1159, 1161 (10th Cir. 2004) (citation

omitted).  Thus, once Carbajal filed his notice of appeal, we assumed jurisdiction over his appeal of the amended judgment.

It does not matter that on appeal Carbajal ignored the amended judgment and focused his appellate arguments on the district court's dismissal of his Rule 33 motion.  Under Federal Rule of Appellate Procedure 3(a)(2) "[a]n appellant's failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for the court of appeals to act as it considers appropriate, including dismissing the appeal."  Fed. R. App. P. 3(a)(2); *see also* 20 James Wm. Moore et al., Moore's Federal Practice § 303.31[3] (3d ed. 2009).

In sum, Carbajal filed a timely notice of appeal of both orders entered by the district court.  We completed our direct review on June 20, 2005, affirming the district court's denial of the Rule 33 motion.[4]  *See Burch*, 202 F.3d at 1277 (explaining that a decision is not final for AEDPA purposes until direct review has been completed).  Accordingly, Carbajal's conviction did not become final until ninety days after our June 2005 decision.  Consequently, Carbajal's § 2255 motion, filed in April of 2006, was timely filed within one year of the date his conviction became final.

---

[4] Our opinion did not specifically discuss Carbajal's appeal of the amended judgment, but it would have been dismissed as a part of our order and judgment.

For the foregoing reasons, we REVERSE and remand to the district court for further proceedings.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge