FILED
United States Court of Appeals
Tenth Circuit

August 30, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JUSTIN J. SADLER,

    Defendant - Appellant.

No. 18-8040
(D.C. Nos. 2:17-CV-00047-NDF and
2:13-CR-00099-NDF-1)
(D. Wyo.)

_____

**ORDER DENYING A CERTIFICATE OF APPEALABILITY**
_____

Before **LUCERO**, **HARTZ**, and **McHUGH**, Circuit Judges.
_____

Defendant Justin Sadler assaulted his former girlfriend while possessing a firearm. *See United States v. Sadler*, 642 F. App'x 834, 835–36 (10th Cir. 2016). Wyoming authorities charged him with first-degree sexual assault, kidnapping, and aggravated assault. *See Sadler v. State*, 375 P.3d 728, 729 (Wyo. 2016). Before being tried on the state charges, Defendant was convicted in federal court of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). *See Sadler*, 642 F. App'x at 835. He was sentenced to 120 months' imprisonment for his federal offense, and we affirmed the validity of his sentence on direct appeal. *Id*. After being sentenced in federal court, he was acquitted in state court on two of the charges and convicted on only the aggravated-assault charge. *See Sadler v. State*, 357 P3d at 730.

Defendant then moved for relief under 28 U.S.C. § 2255 in the United States

District Court for the District of Wyoming.  The district court denied the motion and declined to grant a certificate of appealability (COA).  Defendant now requests a COA from this court.  *See* 28 U.S.C. § 2253(c)(1)(B) (requiring COA to appeal denial of relief under § 2255).  He complains that the district court rejected his request to take judicial notice of testimony in the state trial and should have granted him relief on the grounds that (1) his federal counsel was ineffective because he was facing disciplinary charges and (2) his sentence was improper because the court considered the kidnapping of which he was later acquitted.  We deny a COA and dismiss the appeal.

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).  In other words, the applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong."  *Id.*

Defendant first claims that the district court erred by refusing to take judicial notice of testimony at his state trial.  But the district court correctly ruled that testimony offered for its truth is not the proper subject of judicial notice.  *See* Fed. R. Evid. 201(b).

Defendant next claims that his counsel was ineffective because his attorney was facing disciplinary actions during the criminal case.  Before trial the Wyoming Supreme Court recommended that counsel be fined and publicly censured for violating

2

professional-conduct rules, and he was eventually disbarred after Defendant was sentenced in federal court. We have held, however, that an attorney's performance is per se defective in this context only when the attorney was not licensed to practice law while representing the defendant (and not always even then). *See United States v. Bergman*, 599 F.3d 1142, 1147–48 (10th Cir. 2010).

Because Defendant's attorney was licensed when representing Defendant, counsel's effectiveness is evaluated under the factors articulated in *Strickland v. Washington*, 466 U.S. 668, 689 (1984). *See United States v. Stevens*, 978 F.2d 565, 568 (10th Cir. 1992) (attorney who is disbarred without notice is not per se ineffective and his performance must be analyzed under *Strickland*). Under *Strickland* a defendant first has the burden of overcoming "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," 466 U.S. at 689, by demonstrating that his counsel's performance "fell below an objective standard of reasonableness," *id.* at 688. Second, a defendant must demonstrate "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. In this court, Defendant has not pointed to any deficient performance by his counsel, much less any prejudice. Defendant has not persuaded us that a reasonable jurist could debate the district court's denial of this claim.

Finally, Defendant claims that he should be resentenced because the federal court enhanced his sentence under USSG. §§ 2K2.1(c)(1)–(c)(1)(a) and 2X1.1(a) for kidnapping, *see Sadler*, 642 F. App'x at 839, but he was later acquitted on his state kidnapping charge. This court has held, however, that acquitted conduct can be

3

considered at sentencing. *See United States v. Lujan*, 603 F.3d 850, 856 (10th Cir. 2010) ("[E]ven evidence tending to prove that the defendant engaged in criminal conduct for which he has already been prosecuted and acquitted may be introduced at sentencing in a trial charging a separate offense."); *see also* § 2K2.1 cmt. n.14(C) (a court may consider "any Federal, state, or local offense . . . , regardless of whether a *criminal charge was brought, or a conviction obtained*" (emphasis added)). No reasonable jurist could debate the district court's rejection of this claim.

We **DENY** a COA and **DISMISS** the appeal. We **GRANT** Defendant's motion to proceed *in forma pauperis*.

Entered for the Court

Harris L Hartz
Circuit Judge