981 F.2d 970
 UNITED STATES of America, Appellee,
v.
Eugene R. ROSNOW, Appellant.
UNITED STATES of America, Appellee,
v.
Melford H. HAUGEN, Appellant.
UNITED STATES of America, Appellee,
v.
Juanita M. DEWEY, Appellant.
UNITED STATES of America, Appellee,
v.
David C. RODEWALD, Appellant.
UNITED STATES of America, Appellee,
v.
Kermit H. RODEWALD, Appellant.
UNITED STATES of America, Appellee,
v.
Wallace H. RODEWALD, Appellant.
UNITED STATES of America, Appellee,
v.
Leland Frederick ERICKSON, Appellant.
UNITED STATES of America, Appellee,
v.
Robert M. DICK, Appellant.
UNITED STATES of America, Appellee,
v.
Harry E. CARLSON, Appellant.
UNITED STATES of America, Appellee,
v.
Duane C. HANSEN, Appellant.
UNITED STATES of America, Appellee,
v.
Roger Walter SANDS, Appellant.
UNITED STATES of America, Appellee,
v.
Dennis W. SANDS, Appellant.
UNITED STATES of America, Appellee,
v.
Jeffry R. MORSE, Appellant.
UNITED STATES of America, Appellee,
v.
George A. YANT, Appellant.
UNITED STATES of America, Appellee,
v.
Karl H. PETERS, Appellant.
 Nos. 91-2945 to 91-2948, 91-2952, 91-2956, 92-2957, 91-2968,
91-2978 to 91-2981, 91-2984 to 91-2986.
 United States Court of Appeals,
Eighth Circuit.
 Nov. 25, 1992.
As Amended Dec. 8, 1992.
Order Denying Motion for Reconsideration Dec. 8, 1992.
 
 Before McMILLIAN, Circuit Judge, LAY, Senior Circuit Judge, and VAN SICKLE,** Senior District Judge.AMENDED ORDER DENYING PETITIONS FOR REHEARING AND
 SUGGESTIONS FOR REHEARING EN BANC.
 This matter comes to the court on petitions for rehearing filed by Roger W. Sands and Dennis W. Sands. This case was argued orally before this court on March 9, 1992. The court issued its published opinion on August 13, 1992. Thereafter, on September 28, 1992, at the direction of this court, an order was entered vacating the judgment for petitioners Dewey and Carlson. In executing that order, the court inadvertently vacated the judgment as to all defendants. On October 1, 1992, 977 F.2d 399, an amended opinion was filed, identical to the original opinion of August 13, 1992, with the exception of granting partial relief to defendants Dewey and Carlson.
 Several of the defendants then renewed their petitions for rehearing and suggestions for rehearing en banc. Defendants Roger and Dennis Sands, through new counsel, have petitioned for a rehearing on a separate and new ground. John E. Mack had been appointed counsel to represent them under the Criminal Justice Act. Petitioners now assert that on December 3, 1991, when Mack filed their appellate briefs, he had been suspended from practice before the Eighth Circuit Court of Appeals. Petitioners therefore urge that they are entitled to rebrief their case and to have their case reargued. We do not agree.
 Petitioners' present claim was never raised at the time of oral argument. It is true that John E. Mack had been suspended from practice before this court. On August 29, 1991, Mack had stipulated before the Minnesota Supreme Court to an indefinite suspension made effective on November 15, 1991. Mack was not suspended in this court until March 17, 1992. The appellants' briefs containing Mack's name were filed December 3, 1991. Richard P. Clem, although not yet appointed nor retained at the time the briefs were filed, had also signed the appellants' briefs. Both Clem and Mack are listed on the appellants' brief as having the same address, Clem and Crosby, 1313 Southeast 5th Street, Suite 130, Minneapolis, Minnesota. On January 29, 1992, Clem filed a motion for substitution of counsel setting forth Mack's suspension effective November 15, 1991. On February 24, 1992, this court entered an order nunc pro tunc, effective August 5, 1991, allowing the motion for substitution and appointing attorney Clem to represent both of the petitioners, Dennis and Roger Sands.
 The court is uninformed as to whether the petitioners themselves attended the oral argument, but the record clearly demonstrates that Richard P. Clem did appear and did argue on behalf of the petitioners. At that time no objection was made by counsel as to the earlier representation of the petitioners by Mack. Nor did petitioners object to Clem's appointment as their new counsel.
 Petitioners, now with new counsel, claim that under the authority of Solina v. United States, 709 F.2d 160 (2d Cir.1983), they are entitled to a rebriefing and reargument. In Solina, the Second Circuit reversed the conviction of a bank robber whose guilt was overwhelming on the basis that the attorney who represented him at the time was not an attorney duly licensed to practice law. Id. The Second Circuit adopted a per se rule that the representation by one who had never been admitted to the practice of law is an outright violation of a defendant's sixth amendment right to counsel. One reason for such a per se rule is that in order for the criminal justice system to maintain its structural integrity and the public's trust, an accused must be represented by counsel who has received the training necessary for admission to the bar and who is subject to the court's supervision. See State v. Smith, 476 N.W.2d 511, 514 (Minn.1991).
 Petitioners argue that it strikes at the very heart of our system to imprison uneducated farmers whose representative, appointed by the court due to fraud by the then lawyer, was not an attorney at the time of the brief. We find, however, that Solina is not controlling in the present case. Unlike in Solina, the issue here is whether the petitioners were denied effective assistance of counsel because they were represented by one who had been a member of the bar but was later suspended. We do not find that petitioners here were denied effective assistance of counsel because throughout the appellate process they were jointly and later independently represented by a duly licensed attorney, Clem. If co-counsel provides petitioners with effective assistance at all critical stages of the proceedings, petitioners' Sixth Amendment rights have been protected. See United States v. Novak, 903 F.2d 883, 890 (2d Cir.1990).
 As indicated, Richard P. Clem was associated at some level with John E. Mack. Richard Clem's name appeared on the briefs along with Mack's name under the same address. Clem was appointed as new counsel for the petitioners by this court on February 24, 1992,[1] effective nunc pro tunc to August 5, 1991, and filed the appellants' reply brief-in-chief in his own name on February 7, 1992. The issues in appellants' brief and reply brief were well joined and attorney Clem did not at any time seek to file amended briefs. At the oral argument, Clem appeared on March 9, 1992, and did not at that time raise the question concerning the suspension of Mack. The petitioners did not at any time object to the representation by Clem, or to the fact that Mack's name had appeared on the original brief even though he had already been suspended by the state court at the time it was filed.
 We find that Solina is, therefore, distinguishable and not controlling. Moreover, we are reluctant to rehear an appeal of a criminal conviction where the issues have already been fairly briefed and argued with reasonable competence by counsel. Nowhere in petitioners' current claim do they argue that the briefs by previous counsel were substantively deficient.
 We have once again reviewed these briefs and the evidence concerning petitioners' involvement in the crime. The petitions for rehearing do not convince us that our original holding was incorrect.
 On this basis, the petitions for rehearing filed by Roger W. Sands and Dennis W. Sands are hereby denied. The petitions for rehearing filed by the other defendants subsequent to the September 28, 1992, order are hereby denied and the suggestions for rehearing en banc are denied on the ground that no active member of the court has requested a vote on the suggestions for rehearing en banc. It is so ordered.
 ORDER DENYING MOTION FOR RECONSIDERATION OF PETITION FOR REHEARING.
 Based upon certain alleged factual inaccuracies in our order denying the petitions for rehearing, the defendants Roger and Dennis Sands seek reconsideration. The main argument for reconsideration relates to certain inaccuracies contained in our original order: (1) that John E. Mack, who was appointed to represent the defendants under the Criminal Justice Act and later was suspended by the Minnesota Supreme Court,[1] was in the same law firm as Richard Clem,[2] the attorney who was ultimately substituted to represent the petitioners; and (2) that Clem had been appointed under the CJA before he filed the reply brief.
 The record shows that Clem had filed a motion to be substituted under the Criminal Justice Act on January 29, 1992, but this court's order appointing Clem was not made until February 24, 1992. Although the reply brief signed by Clem was filed on February 7, 1992, petitioners overlook that the order of Clem's appointment under the Criminal Justice Act was made nunc pro tunc effective to August 5, 1991.
 
 
 1
 To the extent that our earlier order was in error we attach an amended order. We find these corrections do not affect the court's reasoning and final order. On this basis, the motions for reconsideration are hereby denied. The mandate shall issue forthwith.
 
 
 
 **
 The HONORABLE BRUCE M. VAN SICKLE, Senior United States District Judge for the District of North Dakota, sitting by designation
 
 
 [1]
 Clem's affidavit in support of his motion for substitution of counsel states that he had taken custody of attorney Mack's files, including petitioners' file, and had taken over representation of many of Mack's cases
 
 
 [1]
 The order suspending Mack from practice before the Minnesota Supreme Court was made effective November 15, 1991, but did not automatically serve to suspend him from practice before this court. Mack's suspension order in federal court did not take place until March 17, 1992
 
 
 [2]
 This error arose by reason of the representation on the appellants' brief that both Mack and Clem had the same mailing address. The cover of the brief, as well as the signatory page of the brief, read:
 John E. Mack
 Richard P. Clem
 Clem & Crosby
 1313 SE Fifth St., Suite 130
 Minneapolis, MN 55414
 (612) 379-3873
 In addition, Clem's affidavit in support of his motion for substitution of counsel dated January 25, 1992, states that he had taken custody of attorney Mack's files and had taken over representation of many of Mack's cases. The court therefore had reason to believe that Clem and Mack were associated in the same law firm.