UNITED STATES

v.

Jackie HARNESS, 415 70 7103, Captain (O–3), U.S. Marine Corps.

NMCM 93 00224.

U.S. Navy–Marine Corps
Court of Criminal Appeals.

Sentence Adjudged 12 Aug. 1992.

Decided 26 March 1996.

**594**

LT Gerard Wm. Wittstadt Jr., JAGC, USNR, Appellate Defense Counsel.

LT Randy S. Kravis, JAGC, USNR, Appellate Government Counsel.

Maj. Stephen P. Finn, USMC, Appellate Government Counsel.

Before WELCH, C.J., and DOMBROSKI and KEATING, JJ.

KEATING, Senior Judge:

We decide in this case whether the presence at trial of a non-lawyer holding himself out as counsel qualified in accordance with Article 27(b), Uniform Code of Military Justice [UCMJ], 10 U.S.C. § 827(b), deprived the accused of effective assistance of counsel when the accused was also represented by a civilian lawyer. We hold that representation at trial by a civilian lawyer and an appointed military counsel, who is a graduate of an accredited law school but who is not admitted to the practice of law (*compare* Article 27(b), UCMJ, *with* Secretary of the Navy Instruc-

tion 1120.9A of 25 October 1988), is the sort of error that is subject to harmless-error analysis. The test to be applied is whether the accused was competently represented as measured by the combined effort of both counsel.

At trial, the appellant was represented in part by a detailed military defense counsel who later admitted to having fraudulently procured his certification as a judge advocate by falsely representing that he had passed a state bar examination and was a member in good standing of the bar of the highest court of that state. The 'appellant petitioned the Judge Advocate General for review under Article 69(b), UCMJ, citing fraud on the court.[1] The appellant, in his brief, urged this Court to decide the issue not as an "ineffective assistance of counsel" case but as a violation of Article 38, Uniform Code of Military Justice.[2]

The appellant argues that his retention of a qualified civilian lawyer should have no relevance because Article 38, UCMJ, guarantees a military accused the right to be represented by qualified military counsel *in addition* to civilian counsel provided by the accused. The accused may be represented by military counsel detailed under Article 27, UCMJ. Article 38(b)(3), UCMJ. If the accused is represented by civilian counsel, the detailed military counsel shall act as associate counsel unless excused by the accused. Article 38(b)(4), UCMJ.

▆ We agree that the accused was entitled to be represented in his defense by both qualified military counsel detailed under Article 27, UCMJ, and civilian counsel provided by him. *United States v. Jorge,* 1 M.J. 184, 185 (C.M.A.1975)(*citing United States v. Jordan,* 22 C.M.A. 164, 46 C.M.R. 164, 1973 WL 14472 (1973)). We do not agree, however, that a new trial is necessarily required

---

**1.** The Judge Advocate General forwarded the case to this Court for review, inviting our attention to the following issue:

DID REPRESENTATION BY A NON–LAWYER OFFICER MASQUERADING AS 27(b) COUNSEL, WHILE ACTING IN CONJUNCTION WITH QUALIFIED CIVILIAN COUNSEL, DEPRIVE THE ACCUSED OF EFFECTIVE ASSISTANCE OF COUNSEL?

**2.** APPELLANT WAS DENIED HIS RIGHT, PER ARTICLE 38, UCMJ, TO REPRESENTATION BY MILITARY DEFENSE COUNSEL, WHEN CAPTAIN ZANDER FRAUDULENTLY REPRESENTED TO APPELLANT, APPELLANT'S CIVILIAN COUNSEL, AND THE GENERAL COURT–MARTIAL THAT HE (CAPTAIN ZANDER) WAS QUALIFIED TO REPRESENT APPELLANT.

solely because the military counsel detailed in this case was not both a graduate of an accredited law school and admitted to the practice of law as required by regulation as a professional qualification for certification under Article 27(b), UCMJ.

The Government cites state and federal court decisions for the proposition that the mere presence of someone on the defense team who is unlicensed does not constitute ineffective assistance of counsel. The Government argues that when an accused is represented by both civilian counsel and detailed military counsel, as happened here, the performance of defense counsel is measured by the combined efforts of the defense team as a whole. *United States v. Boone,* 42 M.J. 308, 313 (1995)(*citing United States v. Walker,* 21 C.M.A. 376, 380, 45 C.M.R. 150, 154, 1972 WL 14145 (1972)). We agree with the Government on both of these points.

The appellant argues that we should not decide this case as an "ineffective assistance of counsel" case but as a violation of Article 38, UCMJ. The appellant cites several cases that establish the right of a military accused to be represented by counsel detailed under Article 27(b) or by military counsel of his own selection if reasonably available. He reminds us that Congress intended to bestow on service-members a right to counsel unparalleled in civilian criminal trials. *United States v. Johnson,* 21 M.J. 211, 213 (C.M.A.1986)(*citing United States v. Gnibus,* 21 M.J. 1 (C.M.A 1985)).

Article 38, UCMJ, is not, however, one of the punitive articles and is, therefore, strictly speaking not capable of being "violated." It does, however, impose a procedural requirement on the Government to provide qualified counsel to an accused. Failure to do so, if done "knowingly and intentionally," could constitute a violation of Article 98 of the UCMJ. Such a failure, if proven, would be a violation of the Code by the responsible individual but would still leave open the question of the effect of such a failure on the results of the trial in which it occurred.

In the appellant's case, we view the Government's failure to comply with a procedural requirement not to be a violation of the Code but a legal error. Accordingly, we may find the findings and sentence incorrect only if "the error materially prejudices the substantial rights of the accused." Article 59(a), UCMJ. Since this case concerns the right to counsel and the constitutional right to counsel is at least as fundamental as the right to detailed counsel under Article 38, UCMJ, we will apply the rationale used by the Supreme Court in determining prejudice under *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) to determine whether the error in this case materially prejudiced the rights of the accused.

The Supreme Court has held the right to counsel under the Sixth Amendment, and presumably under Article 38, UCMJ, as well, exists "in order to protect the fundamental right to a fair trial." *Strickland,* 466 U.S. at 684, 104 S.Ct. at 2063. "Thus, 'the right to the effective assistance of counsel is recognized not for its own sake, but because of the effect it has on the ability of the accused to receive a fair trial.'" *Lockhart v. Fretwell,* 506 U.S. 364, 369, 113 S.Ct. 838, 842, 122 L.Ed.2d 180 (1993)(*quoting United States v. Cronic,* 466 U.S. 648, 658, 104 S.Ct. 2039, 2046, 80 L.Ed.2d 657 (1984)). In determining whether an accused was denied the effective assistance of counsel under the Sixth Amendment, the question is not merely whether the outcome would have been different, but the broader and more important one of whether the trial was rendered unfair and the verdict suspect. *Lockhart,* 506 U.S. at 368–69, 113 S.Ct. at 842; *see also Nix v. Whiteside,* 475 U.S. 157, 175, 106 S.Ct. 988, 998–99, 89 L.Ed.2d 123 (1986)(holding that under *Strickland,* the "benchmark" of the right to counsel is the fairness of the adversary proceeding).

Based on our review of the record of trial and the briefs of counsel, we are confident of the fairness of the adversary proceeding in this case. We find that the performance of defense counsel as measured by the combined efforts of the defense team as a whole was more than adequate to ensure that the trial was not rendered unfair and the verdict suspect, and that the error did not prejudice the substantial rights of the appel-

lant under either *Strickland* or Article 59(a), UCMJ.

■ As to the issue specified by the Judge Advocate General, we adopt the opinion of the United States Court of Appeals for the Eighth Circuit that there is no *per se* violation of an accused's Sixth Amendment right to counsel when a person not properly licensed to practice law jointly represents an accused. *United States v. Rimell,* 21 F.3d 281, 285 (8th Cir.1994)(*citing United States v. Rosnow,* 981 F.2d 970 (8th Cir.1992), *cert. denied,* 507 U.S. 990, 113 S.Ct. 1596, 123 L.Ed.2d 159 (1993)). The question is whether co-counsel provided the appellant with effective representation at all critical stages of the proceedings.

Counsel for the appellant candidly recognized in his brief that the appellant probably was not deprived of the effective assistance of counsel. That is why he argued that the Court should adopt the Article 38, UCMJ, approach to decide the case. We decline, however, to adopt an approach that would hold that an error such as occurred here is always prejudicial, even when the proceeding reached a reliable and fair result.

Accordingly, the findings and sentence, as approved on review below, are affirmed.

Chief Judge WELCH and Chief Judge DOMBROSKI concur.