FILED
United States Court of Appeals
Tenth Circuit

September 14, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JUAN MANUEL CARBAJAL-
MORENO,

Defendant - Appellant.

No. 10-2112

(D. New Mexico)

(D.C. Nos. 1:06-CV-00301-JEC-RLP
and 2:99-CR-00777-JEC-RLP-3)

---

**ORDER DENYING
CERTIFICATE OF APPEALABILITY**[*]

---

Before **HARTZ**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this matter. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Defendant and appellant, Juan Manuel Carbajal-Moreno, proceeding *pro se*,

seeks a certificate of appealability ("COA") to enable him to appeal the district

---

[*]This order is not binding precedent except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

court's denial of his 28 U. S.C. § 2255 motion.  For the following reasons, we deny Mr. Carbajal-Moreno a COA and dismiss this matter.

## BACKGROUND

This is the fourth time Mr. Carbajal-Moreno has appeared before our court. We derive the relevant procedural history of his lengthy case from the last decision we issued involving Mr. Carbajal-Moreno, United States v. Carbajal-Moreno, 332 Fed. Appx. (10th Cir. 2009) (Carbajal-Moreno III):

> Carbajal was indicted in 2001 on eight counts relating to drug possession and distribution.  A jury convicted him of all counts, and the district court sentenced him to concurrent prison terms of 262 months on each count.  Carbajal timely appealed his convictions on two counts.
>
> We reversed on one of the counts, a conspiracy charge, on double jeopardy grounds, but affirmed a related continuing criminal enterprise conviction.  We remanded the case to the district court and ordered it to "vacate the conspiracy conviction . . . and to adjust Carbajal-Moreno's sentence accordingly."  United States v. Carbajal-Moreno, 87 Fed. Appx. 700, 706 (10th Cir. 2004) (Carbajal-Moreno I).
>
> During the time the case was before the district court on remand, and 35 months after the jury verdict, Carbajal filed a Rule 33 motion for a new trial based on newly discovered evidence, alleging that "sometime after his convictions were entered he discovered that his trial attorney surrendered his Bar license prior to trial."  United States v. Carbajal-Moreno, 136 Fed. Appx. 163, 164, 167 (10th Cir. 2005) (Carbajal-Moreno II), and that his representation was therefore ineffective under the Sixth Amendment.  The district court denied the motion in July 2004, reasoning that ineffective assistance of counsel claims are ordinarily best pursued in collateral proceedings.

On August 4, 2004, the district court entered its amended judgment in the remand proceedings, vacating the conspiracy conviction and sentencing Carbajal to concurrent terms of 262 months for each of the remaining counts. Carbajal filed a notice of appeal on August 11, 2004, stating his "intent to appeal to the United States Court of Appeals for the Tenth Circuit from the attached August 10, 2004 Amended Judgment and the July 28, 2004 order." We affirmed the dismissal of Carbajal's Rule 33 Motion in June 2005, although our order did not specifically discuss the amended judgment. Carbajal-Moreno II, 136 Fed. Appx. at 164-67.

In April 2006, Carbajal initiated this § 2255 collateral action to pursue his ineffective assistance of counsel claim. The magistrate judge recommended dismissing the petition as time-barred. The district court adopted the magistrate judge's recommendation and dismissed the action.

Id. at 473-74. On appeal from that decision, we reversed the district court's conclusion that Mr. Carbajal-Moreno's § 2255 motion was untimely, concluding, to the contrary, that his motion "filed in April of 2006, was timely filed within one year of the date his conviction became final." Id. at 477. The case was, once again, remanded to the district court for further proceedings. The district court's decision on remand is the subject of this request for a COA.

Before we address the merits of the district court's decision on remand, we must consider a preliminary jurisdictional matter referred to our panel (as the merits panel) from the Clerk of our court, in an order dated June 21, 2010. That order presented the following appellate jurisdictional issues:

**1)** *Whether* Petitioner Carbajal-Moreno's notice of appeal, which was filed in the district court on May 3, 2010, was timely filed 60 days after entry of the district court's January 14, 2010 Judgment **or** was

-3-

the notice of appeal filed 49 days late?  See Fed. R. App. P.
4(a)(1)(B) and 4(c).

> **Please Note**: Pursuant to Fed. R. App. P. 4(a)(1)(B), the
> 60-day deadline in this case for filing a timely notice of
> appeal expired on March 15, 2010.

**2)** *Whether* Plaintiff's motion under Fed. R. App. P. 4(a)(5), which
was filed in the district court on May 3, 2010, was timely filed in
accordance with Fed. R. App. P. 4(a)(5)(A)(i) or was it filed beyond
the filing deadline in Fed. R. App. P. 4(a)(5)(A)(i).

> **Please Note:** Pursuant to Fed. R. App. P. 4(a)(5)(A)(i),
> the deadline in this case for filing a timely motion for
> extension of time expired on April 14, 2010.  See also
> Fed. R. App. P. 4(a)(6).

6/21/2010 Order at 1-2, R. Vol. 1 at 225-26.  The parties were directed to file

jurisdictional memoranda addressing this issue; only Mr. Carbajal-Moreno has

filed a brief.

The background facts to this appellate jurisdictional issue are as follows:

When this matter was remanded to the district court pursuant to Carbajal-Moreno

III, the district court adopted the magistrate judge's report and recommendation

and, on January 14, 2010, judgment was entered dismissing Mr. Carbajal-

Moreno's § 2255 motion.  On May 3, 2010, long after the ordinary time in which

to file an appeal from the district court's judgment had expired,  Mr. Carbajal-

Moreno sent a letter to the district court along with a "Notice of Appeal."  See  R.

Vol. 1 at 213-15.  The stated reason for the letter was "to inquire as to the

reasoning behind the fact that I was not informed of the denial of my habeas

-4-

appeal.  My brother called your office to ask as to the status of my appeal and was informed that my appeal had been denied since January."  "Request and Inquiry," id. at 213.  The accompanying "Notice of Appeal" similarly indicated that Mr. Carbajal-Moreno "had not been informed of the Court's denial of his habeas corpus appeal. . . .  The clerk informed my brother that the A.U.S.A. and my prior counsel had been sent notification. . . .  The fact remains that I was not notified."  "Notice of Appeal" at 1, id. at 214.

Upon receipt of this letter and Notice of Appeal, the district court entered an order construing the letter "as a motion for extension of time to file notice of appeal or, alternatively, to reopen the time to file an appeal."  6/21/10 Order at 1, id. at 222.  After determining that an internal mistaken entry in the district court docket (regarding whether Mr. Carbajal-Moreno was represented by counsel or not) had caused the failure to notify Mr. Carbajal-Moreno of the dismissal of his case, the district court construed the letter as a motion to reopen the time to file an appeal.  The court then granted that motion and reopened the time for Mr. Carbajal-Moreno to file an appeal "nunc pro tunc to and including May 3, 2010."  Id. at 2.

Our initial inquiry, then, is whether we agree with the district court's determination that Mr. Carbajal-Moreno's notice of appeal was timely.  We conclude that we do agree with the district court, for substantially the reasons

stated in its 6/21/2010 Order.  We therefore have appellate jurisdiction over this request for a COA.[1]

**DISCUSSION**

Pursuant to 28 U.S.C. § 2253(c)(2), a prisoner seeking a COA must make "a substantial showing of the denial of a constitutional right."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  He may do so by "showing that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).  Thus, when the district court has ruled on the merits of the prisoner's claims, he must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id.  Where the district court ruled on procedural grounds, a COA may be granted when the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and . . . whether the district court was correct in its procedural ruling."  Id.

---

[1]We notified Mr. Carbajal-Moreno by letter dated June 9, 2010, that, pursuant to Fed. R. App. P. 22(b), we are treating his notice of appeal as a request for a COA.  We nonetheless directed Mr. Carbajal-Moreno to file a COA application within forty days of the date of our letter.  He filed an application for a COA on July 19, 2010.

On remand, the district court considered Mr. Carbajal-Moreno's § 2255 petition, in which he argued that his Sixth Amendment right to constitutionally effective counsel had been violated when his counsel allowed him to be prosecuted for participating in both a criminal continuing enterprise ("CCE") and a conspiracy. He argued that that circumstance allowed numerous hearsay statements to be admitted into evidence that would not have been allowed in a trial solely on the CCE charges. He also alleged ineffective assistance of counsel on the ground that, as he learned after his trial, his counsel had surrendered his California Bar license prior to his trial.[2]

The matter was referred to a magistrate judge, who rejected both of Mr. Carbajal-Moreno's arguments.[3] With respect to the argument that

---

[2]Apparently, Mr. Carbajal-Moreno's counsel's suspension was the result of misconduct in several civil cases. Mr. Carbajal-Moreno alleges his counsel also had a drinking problem that he failed to remedy.

[3]In his § 2255 motion, Mr. Carbajal-Moreno also claimed that his counsel was ineffective in failing to argue that the CCE charge against him violated his Due Process rights. He argues that the indictment against him did not charge him with committing the "underlying crimes that compromised the series of crimes that constituted a continuing criminal enterprise with five persons." Def.'s § 2255 Motion at 21, R. Vol. 1 at 40 (emphasis in original). The government argues that a reading of the indictment refutes this argument. It does not appear that the magistrate judge specifically addressed this issue in his report and recommendation. The argument is meritless, both because we agree with the government's reading of the indictment and because, given the overwhelming evidence against Mr. Carbajal-Moreno, the failure by his counsel to argue this issue would not have affected the outcome of the trial. Put in COA terms, no reasonable jurist would believe that the magistrate judge's failure to specifically address this claim would merit further analysis of Mr. Carbajal-Moreno's claims

(continued...)

-7-

Mr. Carbajal-Moreno's counsel was ineffective because he had surrendered his

California Bar license prior to Mr. Carbajal-Moreno's trial, the magistrate judge

determined that "the general rule among the circuits," including our circuit,

provides that "if the lawyer was at one time licensed to practice law, then the fact

that he or she has been disbarred or has lost his or her licence" does not render

the lawyer's representation "*per se* constitutionally ineffective."  Mag. J.'s

Second Rep. & Rec. at ¶ 6, R. Vol. 1 at 205.  See United States v. Stevens, 978

F.2d 565 (10th Cir. 1992) (holding that an attorney who had unknowingly been

disbarred seven days before trial was not *per se* ineffective); United States v.

Watson, 479 F.3d 607, 611 (8th Cir. 2007) ("In our circuit we have declined to

extend a per se ineffective assistance of counsel rule to cases where the defendant

was represented by a trained and qualified attorney, albeit one with licensing

problems.") (and collecting similar cases); United States v. Ross, 338 F.3d 1054,

1056 (9th Cir. 2003) (holding that prior circuit authority held that "so long as the

lawyer had been admitted to practice at one point in time, his bar status at trial

was not dispositive of the ineffective assistance claim."); Bond v. United States, 1

F.3d 631, 636 (7th Cir 1993) ("Courts consistently have declined to adopt a *per se*

rule that ineffective assistance always results when a disciplinary action is

pending against the defendant."); United States v. Mouzin, 785 F.2d 682, 698 (9th

_____

[3](...continued)
of ineffectiveness.

Cir. 1986) ("Neither suspension nor disbarment invites a per se rule that continued representation in an ongoing trial is constitutionally ineffective.")

After concluding that Mr. Carbajal-Moreno's counsel was not *per se* ineffective, the magistrate judge went on to examine whether defense counsel had been ineffective under the standard of Strickland v. Washington, 466 U.S. 668 (1984). Accordingly, under Strickland, Mr. Carbajal-Moreno had to show, first, that his counsel's performance was deficient: that the "representation fell below an objective standard of reasonableness" as measured by "prevailing professional norms." Strickland, 466 U.S. at 688. Second, he needed to establish prejudice: "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

As indicated above, Mr. Carbajal-Moreno argued that his counsel was ineffective for allowing him to be tried on both the CCE and the conspiracy charges, claiming that such a "double" trial violated the Double Jeopardy clause of the Constitution. The magistrate judge rejected this argument on the ground that "Double Jeopardy protects an individual from being convicted more than once for an offense or for suffering multiple punishments for the same offense. Since Defendant had one trial and did not suffer multiple punishments, there is no Double Jeopardy violation." Mag. J.'s Second Rep. & Rec. at ¶ 8, R. Vol. 1 at 206 (citing United States v. Ziskin, 360 F.3d 934, 948-49 (9th Cir. 2003) (holding that nothing prohibits a trial for both conspiracy and CCE; Double Jeopardy only

operates to prevent cumulative punishment for the offenses)); cf. Monge v. California, 524 U.S. 721, 727-28 (1998) ("[The Double Jeopardy Clause] protects against successive prosecutions for the same offense after acquittal or conviction and against multiple criminal punishments for the same offense.").[4]

Additionally, Mr. Carbajal-Moreno failed to establish ineffectiveness in allowing him to be tried on both a CCE and a conspiracy charge because, as the magistrate judge pointed out, "on appeal he prevailed on his argument that he could not be sentenced for both crimes." Mag. J.'s Second Rep. & Rec. at ¶ 7, R. Vol. 1 at 206. Thus, in essence, he demonstrated no prejudice from his trial on both counts.

Mr. Carbajal-Moreno also argued that he was prejudiced by his trial on both the CCE and conspiracy counts because he claims multiple hearsay statements were allowed into evidence which would not have been allowed in a trial on the CCE charge alone. The magistrate judge held that this argument was based upon an incorrect understanding of the law regarding hearsay and conspiracies:

---

[4]We note, however, that in Carbajal-Moreno I, we held that "A conspiracy to possess with intent to distribute marijuana . . . is a lesser included offense of continuing criminal enterprise. Thus, the Double Jeopardy clause of the Fifth Amendment prohibits a defendant from being convicted for both crimes." Carbajal-Moreno I, 87 Fed. Appx. at 702. That is law-of-the-case for this decision. However, as indicated in text, infra, that ruling also shows that Mr. Carbajal-Moreno suffered no prejudice from his trial on both conspiracy and CCE charges.

-10-

Federal Rule of Evidence 801(d)(2)(E) excepts from the definition of hearsay "a statement by a coconspirator of a party during the course and in furtherance of the conspiracy," where the statement is offered against the party. The party need not be charged with conspiracy. The rule applies where the evidence shows two or more individuals acting in concert despite the absence of a conspiracy charge.

Id. at ¶ 9 (citing United States v. Durland, 575 F.2d 1306, 1308 (10th Cir. 1978)).[5]

It was therefore not necessarily true that no statements by coconspirators would have been admitted had Mr. Carbajal-Moreno only been charged with engaging in a CCE.

The magistrate judge then turned to Mr. Carbajal-Moreno's final claim of ineffective assistance, premised on Mr. Carbajal-Moreno's counsel's inability to keep out of evidence numerous alleged hearsay statements. The magistrate judge concluded that, except for one statement which was, in fact, hearsay and therefore erroneously admitted, the remaining statements at issue were not hearsay:

Except for one statement, . . . all of the statements listed by Defendant fall under . . . exceptions [to the hearsay rule] or are not considered hearsay. Most of the statements were provided by agents testifying about their investigation of Defendant's and his colleagues' activities. Many of the statements came out again on direct examination of his colleagues.

---

[5]We stated as follows in Durland:

. . . Rule 801(d)(2)(E) of the Federal Rules of Evidence recognizes statements of coconspirators as an exception to the prohibition against hearsay, and even though there is not a conspiracy charge, the evidence is admissible where existence of the conspiracy is independently established.

Durland, 575 F.2d at 1310.

-11-

Mag. J.'s Second Rep. & Rec. at ¶ 15, R. Vol. 1 at 209. Further, the magistrate judge concluded, given the overwhelming evidence against Mr. Carbajal-Moreno which was properly admitted into evidence, the one erroneously admitted hearsay statement did not affect the outcome. The magistrate judge then recommended dismissal of Mr. Carbajal-Moreno's § 2255 petition. The district court adopted this report and recommendation and dismissed the petition. Final judgment was entered on January 14, 2010.[6]

The district court dismissed Mr. Carbajal-Moreno's petition after considering the merits of it. As summarized above, the magistrate judge's report and recommendation (adopted by the district court) thoroughly explained its disposition. We cannot see how reasonable jurists would find any of the court's determinations debatable or wrong. Accordingly, we deny Mr. Carbajal-Moreno his requested COA for substantially the reasons stated in the magistrate judge's report, adopted by the district court.

---

[6]Although Mr. Carbajal-Moreno did not file any objections to the magistrate judge's report and recommendation, we decline to apply our "firm waiver rule" to Mr. Carbajal-Moreno's appeal. The rule may be ignored in the "interests of justice." See Casanova v. Ulibarri, 595 F.3d 1120 (10th Cir. 2010). Given that Mr. Carbajal-Moreno's notice of appeal was filed "late" because he did not know his habeas petition had been dismissed by the district court on the same day the magistrate judge issued his report and recommendation, it seems clear that Mr. Carbajal-Moreno was unaware of the issuance of the report and recommendation. In that circumstance, we can hardly expect him to file objections to the report and recommendation.

**CONCLUSION**

For the foregoing reasons, we DENY a COA, we GRANT Mr. Carbajal-Moreno leave to proceed *in forma pauperis*, and DISMISS this matter.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge