**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Juan Manuel CARBAJAL–MORENO,
Defendant–Appellant.**

No. 15–2068.

United States Court of Appeals,
Tenth Circuit.

Aug. 7, 2015.

Laura Fashing, Damon Paul Martinez, Office of the United States Attorney, Albuquerque, NM, for Plaintiff–Appellee.

Juan Manuel Carbajal–Moreno, Taft, CA, pro se.

Before KELLY, LUCERO, and HARTZ, Circuit Judges.

### ORDER DENYING CERTIFICATE OF APPEALABILITY*

Juan Manuel Carbajal–Moreno, a federal prisoner proceeding pro se, seeks to appeal the district court's dismissal for lack of jurisdiction of his motion filed pursuant to 28 U.S.C. § 2255. We deny a certificate of appealability ("COA") and dismiss this proceeding.

Carbajal–Moreno was convicted on eight counts related to drug possession and distribution. *See United States v. Carbajal–Moreno,* 87 Fed.Appx. 700, 702 (10th Cir. 2004). On appeal, we remanded to the district court to vacate his conspiracy conviction. *Id.* at 706. On remand, the district court entered an amended judgment in August 2004. *See United States v. Carbajal–Moreno,* 332 Fed.Appx. 472, 473 (10th Cir.2009). Carbajal–Moreno appealed the amended judgment, and we affirmed. *See id.* at 474.

Carbajal–Moreno filed a pro se motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 in April 2006, asserting violations of his Sixth Amendment

---

* This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R.App. P. 32.1 and 10th Cir. R. 32.1.

right to constitutionally effective counsel. *See id.* He claimed, inter alia, that he had learned after his trial that his counsel, John Hedderman, had surrendered his California Bar license before the trial. *See United States v. Carbajal–Moreno*, 395 Fed.Appx. 505, 509 (10th Cir.2010). The district court denied relief on the merits, and we denied a certificate of appealability ("COA"). *See id.* at 511–12.

In May 2014, Carbajal–Moreno filed a second § 2255 motion, alleging that he had newly discovered evidence supporting a new claim. He said he had recently discovered that, *before* his trial began, his local New Mexico counsel had informed the district court of Hedderman's unlicensed status. Yet no one at that time— neither the court, the prosecutor, nor his local counsel—had shared that information with Carbajal–Moreno. And he was allowed to proceed to trial with unlicensed counsel. In his motion, he asserted a violation of his right to counsel of his choice. The district court construed the motion as second or successive and unauthorized, and dismissed it for lack of jurisdiction.

Carbajal–Moreno must obtain a COA to pursue an appeal. *See United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008). We liberally construe his pro se application for a COA. *See Hall v. Scott*, 292 F.3d 1264, 1266 (10th Cir.2002). Because the district court's ruling rests on procedural grounds, he must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). He fails to satisfy the latter requirement.

The district court lacks jurisdiction to address the merits of an unauthorized second or successive § 2255 motion. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008). Carbajal–Moreno does not dispute that he previously filed a first § 2255 motion and that he has not sought authorization from this court to file a second § 2255 motion. He claims that his motion is not a second § 2255 motion because (1) it raises a claim he did not assert in his first motion filed in 2006; and (2) it was timely filed under 28 U.S.C. § 2255(f)(4). Neither of these contentions demonstrates that the district court's procedural ruling was debatable.[1]

"[A] prisoner generally is entitled to only *one* adequate and effective opportunity to test the legality of his detention, in his *initial* § 2255 motion." *Prost v. Anderson*, 636 F.3d 578, 586 (10th Cir. 2011). And "Congress has specified that only certain claims it has deemed particularly important—those based on newly discovered evidence suggestive of innocence, or on retroactively applicable constitutional decisions—may be brought in a second or successive motion." *Id.* at 583–84. Thus, § 2255(h) does not authorize a prisoner to file a second motion because it asserts a claim that he failed to raise in his first motion. *See id.* at 589 ("[I]n subsection (h) Congress identified the excuses *it* finds acceptable for having neglected to

---

1. Carbajal–Moreno also argues that his claim is meritorious under *United States v. Collins*, 920 F.2d 619, 625 (10th Cir.1990), in which we held that "[w]hen a court unreasonably or arbitrarily interferes with an accused['s] right to retain counsel of his choice, a conviction attained under such circumstances cannot stand, irrespective of whether the defendant has been prejudiced." But the question before the district court was whether it lacked jurisdiction because Carbajal–Moreno's motion was second or successive and unauthorized.

raise an argument in an initial § 2255 motion.").

Carbajal–Moreno's first § 2255 motion was decided on the merits. His second motion once again asserts error in his convictions. It is therefore subject to the authorization requirements of 28 U.S.C. § 2255(h). *See United States v. Baker,* 718 F.3d 1204, 1206 (10th Cir.2013) (explaining that motions asserting or reasserting claims of error in a prisoner's conviction are subject to the § 2255(h) authorization requirements). To the extent that Carbajal–Moreno contends his new claim is based on newly discovered evidence, he must seek this court's authorization to file a second § 2255 motion in the district court. *See* 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3).

Nor is the timeliness of a claim under § 2255(f)(4) a substitute for satisfying the requirements of § 2255(h). Subsection (f)(4) provides that the one-year period of limitation for a § 2255 motion may begin to run from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." But a second § 2255 motion must be both timely under subsection (f) and authorized under subsection (h). *See Dodd v. United States,* 545 U.S. 353, 359, 125 S.Ct. 2478, 162 L.Ed.2d 343 (2005) (stating that the limitations period in former ¶ 6(3) of § 2255 (now codified at § 2255(f)(3)) applies to all motions under § 2255, initial as well as second or successive motions, and noting the potential difficulty of complying with the restrictions on second or successive motions and the one-year limitations period).

The district court concluded that Carbajal–Moreno's § 2255 motion was a second motion under that section and had not been authorized by this court. It therefore dismissed the motion for lack of jurisdiction. He fails to show that reasonable jurists would debate the correctness of the district court's procedural ruling. Accordingly, we deny Carbajal–Moreno's application for a COA and dismiss the appeal.